INTER-INSURANCE EXCHANGE OF THE CHICAGO MOTOR CLUB, Plaintiff-Appellee *v.* EMPLOYERS MUTUAL CASUALTY COMPANY, Defendant-Appellant.

(No. 60133;

First District (1st Division)—September 2, 1975.

Jacobs, Williams & Montgomery, Ltd., of Chicago (Barry L. Kroll, of counsel), for appellant.

Christine E. Smith and Thomas F. Mulhern, both of Chicago, for appellee.

Mr. JUSTICE SIMON delivered the opinion of the court:

Peter Patterson, a prospective automobile purchaser, while test-driving an automobile owned by Roseland Buick, an automobile dealer, collided with another car. Joseph Bellazini, a Roseland salesman, who was accompanying Mr. Patterson, was injured. Mr. Bellazini recovered Workmen's Compensation benefits from Roseland, and also filed a common law action for damages against Mr. Patterson who was insured by the plaintiff, Inter-Insurance Exchange. The plaintiff tendered the defense of Mr. Bellazini's action to the defendant, Employers Mutual Casualty, Roseland's carrier, and the defendant refused to accept the defense. Plaintiff then filed this action for declaratory judgment seeking declarations that Mr. Patterson was afforded coverage by the policy defendant issued to Roseland and that defendant's insurance coverage was primary. The circuit court on the pleadings and the oral statements of counsel at a hearing ruled in favor of plaintiff on both declarations. The defendant then moved for a rehearing and to vacate the court's ruling on the ground that its policy excluded obligations for which Roseland might be liable to its employee, Mr. Bellazini, and that the exclusionary clause did not entitle Mr. Patterson as an additional insured to any greater coverage than Roseland. The parties filed memoranda of law in support of their respective positions on the motion to vacate, but neither party dealt with the issue of whether the defendant's coverage was secondary. The court denied the motion to vacate and certified that there was no reason to delay appeal from its order.

■■ The Supreme Court recently decided in *United States Fidelity & Guaranty Co. v. Globe Indemnity Co.* (1975), 60 Ill.2d 295, 327 N.E.2d 321, the identical issue presented here with reference to the construction to be given to the specific exclusion clause in defendant's policy. It decided that an exclusion clause of that type does not preclude liability coverage for a suit for damages filed by the insured's employee (in this case Mr. Bellazini) against an additional insured (in this case Mr. Patterson). Since that decision was adverse to the defendant's position in this case, this court must, and it does on the basis of that authority, affirm the order of the circuit court which ruled that the exclusionary clause does not relieve the defendant from coverage of Mr. Patterson.

The defendant contends that a second issue remains—whether the defendant's coverage was primary or secondary to the coverage of plaintiff's policy insuring Mr. Patterson. The defendant points out that this issue was raised by the complaint which alleged the defendant had primary coverage and the plaintiff secondary, and its answer which denied this allegation. It argues that the determination of this issue required examination of the relevant provisions of plaintiff's policy as well as its

own, but that they were not introduced in evidence and are not a part of the record. Defendant's position is that the consequence of plaintiff's failure to offer these provisions in evidence is that there is nothing in the record to support the circuit court's conclusion that plaintiff's coverage was secondary.

■■ At the hearing in the circuit court prior to the entry of its order, the court asked why defendant did not have primary coverage. Counsel for the defendant, without referring to any excess coverage or escape provision of either policy, responded that it was because of the exclusion clause in the defendant's policy. In the same hearing counsel for the defendant stated he had no quarrel with the general proposition of law that the insurance follows the car, but that his position was based on the specific exclusion in defendant's policy relating to Roseland's employees. The defendant's motion to vacate and its memorandum of law in support thereof did not raise the issue of primary versus secondary coverage which the defendant now argues on this appeal; it relied only on the proper application and construction of the exclusion clause.[1] Therefore, plaintiff contends that the well-established principle that the theory on which a case is tried in the lower court cannot be changed on review[2] precludes the defendant from arguing on this appeal that the resolution of the determination of primary versus secondary liability rests on provisions of the respective policies other than the exclusion clause. The defendant refers to the pleadings to dispute plaintiff's argument that it did not raise in the circuit court the issue of whether, apart from the exclusion clause, it had primary or secondary liability, and it claims that it omitted reference to this issue at the court hearings when the plaintiff failed to offer in evidence the "excess" coverage clause of its policy. The defendant, if it has a valid position, should have an opportunity to present its argument to the court even though it may have been lulled into quiescence by the manner in which plaintiff presented its case.

■■ The plaintiff has requested leave to file its policy as part of the record in this court. That policy contains an "excess" coverage clause identical to the one considered in *Auto Underwriters, Inc. v. Hardware Mutual*

---

[1] After arguing the construction to be given to the exclusion clause, the defendant's memorandum of law filed in the circuit court concluded with the following paragraph: "The defendant respectfully submits that Illinois law dictates that this court hold that the Employer's Mutual Casualty Company provides no coverage to Peter Patterson, either primary or secondary."

[2] *Woman's Athletic Club of Chicago v. Hulman* (1964), 31 Ill.2d 449, 454, 202 N.E.2d 528; *Benson v. Isaacs* (1961), 22 Ill.2d 606, 610, 177 N.E.2d 209; *In re Estate of Leichtenberg* (1956), 7 Ill.2d 545, 548, 131 N.E.2d 487; *McMillen v. Rydbom* (1965), 56 Ill.App.2d 14, 205 N.E.2d 813.

*Casualty Co.* (1971), 49 Ill.2d 108, 273 N.E.2d 360. Were this clause controlling without reference to any "escape" clause which may be found in defendant's policy, this court would be required to hold in reliance on *Auto Underwriters* that the defendant has primary liability. The defendant's contention is that if its policy contains an "escape" clause different than the one considered in *Auto Underwriters*, its obligation may be secondary rather than primary. Since neither party has invited this court's attention to any portion of the defendant's policy containing an "escape" provision or indicated whether defendant's policy even contains such a provision, this court is not in a position, assuming the defendant's policy has an "escape" clause, to decide the interplay of the "excess" and "escape" provisions of the respective policies. This case is, therefore, being remanded for the limited purpose of receiving evidence of the "excess" coverage provision of plaintiff's policy and the "escape" provision, if any, in defendant's policy, and determining which provision prevails. This procedure is consistent with cases holding that where a material question is in controversy on a material issue and the record discloses that all the evidence on that issue has not been produced, a reviewing court can remand the cause for the taking of evidence on the issue by either or both of the parties. (*American Smelting & Refining Co. v. Industrial Com.* (1933), 353 Ill. 324, 329, 187 N.E. 495; *Henry's Drive-In, Inc. v. Anderson* (1962), 37 Ill.App.2d 113, 138, 185 N.E.2d 103.) A reviewing court has the power, without determining and disposing of a case to remand it to the lower court for further proceedings if the record is not in condition for the reviewing court to decide the question presented with justice to all the parties. (*Underwood v. Commissioner of Internal Revenue* (4th cir. 1932), 56 F.2d 67, 73.) The remand being directed is particularly appropriate because we anticipate that all evidence that will be offered is documentary, the authenticity of the documents is not likely to be challenged, the circuit court can consider any documents offered without injustice to either party or inconvenience to the parties and itself and the determination to be made on the issue of primary versus secondary coverage is likely to be one of law. After the parties themselves have reviewed their respective policy provisions, by reference to *Auto Underwriters* they will perhaps be able to resolve their differences without further resort to the circuit court. In view of the decision to remand this case, it is unnecessary to act upon the plaintiff's motion for leave to file its policy in this court as we assume the policy will be submitted as an exhibit in the hearing on remand.

Defendant's opposition to a remand on the ground that it has the effect of giving plaintiff a second day in court should not inhibit a remand for the concept of "a day in court" is not to shut the parties off, but· on the

contrary to permit the parties to offer all relevant evidence which the court requires to reach an accurate decision and to do justice. Indeed, the defendant acknowledged this in its notice of appeal which prayed as alternative relief that the defendant be awarded a new trial. In addition, the purpose of the remand is as much to permit the defendant to bring to the court's attention any "escape" provision its policy may contain as to permit plaintiff to offer its "excess" coverage clause.

Judgment affirmed in part and cause remanded in part for further proceedings in accordance with this opinion.

BURKE, P. J., and GOLDBERG, J., concur.