JESSIE BUTLER, Plaintiff-Appellant, v. THE STATE BOARD OF ELECTIONS *et al.*, Defendants-Appellees.

First District (5th Division)   No. 88—0411

Opinion filed February 26, 1988.

Burton S. Odelson, of Odelson & Sterk, Ltd., of Evergreen Park, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Shawn W. Denney, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois State Board of Elections.

JUSTICE MURRAY delivered the opinion of the court:

This is an appeal by plaintiff, Jessie Butler (Butler), from a February 2, 1988, order denying Butler's complaint for *mandamus*, declaratory, and injunctive relief. The only pleadings in the record are (1) plaintiff's complaint filed February 1, 1988; (2) a notice filed February 2, 1988, asking for a hearing *instanter* on the relief requested in the complaint; (3) a notice of appeal filed on February 5, 1988; and (4) no-

tice of the filing of a motion to expedite the appeal.

On February 8, 1988, this court entered an order allowing the expedited appeal, setting an expedited briefing schedule and scheduling the cause for oral argument on February 16, 1988. The cause was orally argued before this court on February 16, 1988, and the plaintiff, Butler, was granted leave to file his reply brief by February 22, 1988.

For the following reasons, we dismiss the appeal as to the county clerk of Cook County and remand the case to the trial court for the purpose of taking additional evidence as to the Illinois State Board of Elections.

The notice of appeal and brief of Butler requests this court to reverse the February 2, 1988, order of the trial court and to order that Jessie Butler's name be placed on the ballot as a candidate for senator for the 9th legislative district in Illinois. Only the State board was served with the notice of appeal. The Cook County clerk was not served with the notice of appeal and has not otherwise appeared in the appeal.[1] When it was pointed out during oral argument that the county clerk had not been served and had not appeared, the plaintiff, Butler, orally withdrew his request to have his name printed on the ballot and instead requested that the State board be directed to amend its certification to include Jessie Butler as a candidate for State senator for the 9th legislative district on the Democratic primary election ballot for the March 15, 1988, primary election. In this regard, the Illinois Election Code (Ill. Rev. Stat. 1985, ch. 46, par. 1–1 et seq.) imposes the duty of initial certification of senatorial candidates on the State board, but printing of the ballots is imposed on the county clerk of the appropriate counties or board of election commissioners.

The only facts in Butler's appeal are gleaned from his complaint, which is the only pleading in the record containing factual allegations. It appears that Butler had filed petitions for nomination for two offices in the March 15, 1988, Democratic primary. He filed petitions to have his name appear on the March 15, 1988, Democratic primary for State representative for the 17th representative district and for State senator of the 9th legislative district. The last day the Election code provided for the withdrawal of petitions for nominations in Butler's situation was December 19, 1987, a Saturday. It appears from the

---

[1]The clerk of Cook County did appear through the State's Attorney on February 22, 1988, while this opinion was under advisement. His motion merely was a waiver of oral argument and filing of brief.

plaintiff's complaint that the State board's office is not usually open on Saturday. In such a case the last date for withdrawing a candidacy would be on Monday following the Saturday. In this case the State board announced through the press and other information that it would be opened on Saturday, December 19, 1987, for the purpose of receiving withdrawals of nomination petitions. Butler alleges he never received or knew of such announcement. Butler did file his withdrawal of his petitions for State representative, but not State senator, on Monday, December 21, 1987. On December 28, 1987, Butler alleges that he was notified by the State board that his name would not be certified on the ballot in the 1988 Democratic party election for either the office of State representative or State senator.

The notification allegedly sent to Butler is not contained in his complaint nor does it appear in the record.[2] Whether it is an order of the State board or merely a letter predicated on the advice of a board attorney is not indicated by Butler's complaint or the briefs. From the briefs filed by the parties it appears that the notification was sent because Butler's late withdrawal was ineffectual and thereby not having timely withdrawn his petitions for State representative he was not eligible to be on the ballot for either State representative or State senator, the two offices being incompatible under the Election Code.

After the alleged action of the State board taken on December 28, 1987, objections were filed to the petitions of Butler for both State senator and State representative. A Cook County Officers Electoral Board was convened to hear the objections. The electoral board, consisting of Stanley Kusper, County Clerk of Cook County, and a representative of Richard M. Daley, State's Attorney of Cook County, issued two orders on January 13, 1988. One order found that Butler had withdrawn his name as a nominee for State representative and that his name was not to be printed on the 1988 Democratic primary election ballot for that office. The other order found that the objections to Butler's petitions for State senator were withdrawn and directed that his name be printed on the March 15, 1988, Democratic primary ballot as a candidate for State senator for the 9th legislative district. The report of proceedings, if any, of the Cook County Officers Electoral Board is not part of the record in this appeal. Nor is there anything in the record indicating whether or not the State board or anyone else sought judicial review of the January 13, 1988,

---

[2]Butler attempted to correct this defect by attempting to file a supplemental record containing the letter of notification on February 22, 1988, while this opinion was being written. The motion was denied for failing to follow court rules.

Cook County Officers Electoral Board's orders relating to Butler's nominating petitions or withdrawal of his candidacy as a Democratic nominee for State representative.

In plain unambiguous terms, the Election Code provides that a party who has filed nominating petitions with the State board for two or more offices, one of which is incompatible with the other, must withdraw his petitions for all but one office within five days following the last day for filing petitions. The Election Code further provides that the party, who has filed nomination petitions for incompatible offices and has not withdrawn in that time from all but one of the offices, cannot have his name certified or printed on the ballot for any office. (Ill. Rev. Stat. 1985, ch. 46, par. 8—9(3).) Based on this provision of the Code, it would appear that the State board was correct in advising Butler that his name is not to be certified on the 1988 ballot for any office due to the alleged untimeliness of filing his withdrawal as a candidate for State representative on Monday, December 21, 1987, two days after the December 19 deadline.

The case is not that simple, however, when other provisions of the Election Code and case law interpreting them and Illinois administrative procedures are examined and considered.

■ The Election Code vests jurisdiction in the State board to initially certify "to the county clerk of each county, the names of all candidates whose nomination papers or certificates of nomination *have been filed* with the Board." (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 46, par. 7—14.) This has to be accomplished 61 days before the general primary. However, the Election Code also provides that the "State Board of Elections or the county clerk, as the case may be, shall issue an amended certification whenever it is discovered that the original certificate is in error." (Ill. Rev. Stat. 1985, ch. 46, par. 7—14(4).) This section suggests that the State board has no jurisdiction to make a decision *on the timeliness* of a withdrawal of nominating papers *or the compatibility of offices* or qualifications.

Jurisdiction to determine objections to nominating papers of a candidate for State legislature or State senator is vested in a "County electoral board." (Ill. Rev. Stat. 1985, ch. 46, par. 7—13.) The Election Code provides that, subject to appeal, the names of candidates that have been held invalid shall be left off of any certification and not be printed. Ill. Rev. Stat. 1985, ch. 46, par. 7—13.

The powers vested in the electoral board include the questions of "whether or not the certificate of nomination or nomination papers or petitions are in proper form, and *whether or not they were filed within time* and *under the conditions required by law.*" (Emphasis

added.) (Ill. Rev. Stat. 1985, ch. 46, par. 10—10.) This section would appear to vest exclusive jurisdiction in the electoral board, not the State board, to initially determine whether the Butler withdrawal was in time and whether the two offices for which he filed were compatible.

■ An appeal to the judiciary is provided for by way of the Illinois Administrative Review Law from any decision of the electoral board. Ill. Rev. Stat. 1985, ch. 46, pars. 7—13.1, 10—10.1.

Illinois courts have held that all objections to a candidate's eligibility for office must be resolved by way of the procedures set out in the Election Code. (*People ex rel. Klingelmueller v. Haas* (1982), 111 Ill. App. 3d 88, 443 N.E.2d 782.) The procedure in this case, as suggested, is the Illinois Administrative Review Law. (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*) Generally, administrative agency decisions have a *res judicata* effect where determinations are made for a purpose similar to those of a court and in proceedings which are adjudicatory, judicial or quasi-judicial. *Godare v. Sterling Steel Casting Co.* (1981), 103 Ill. App. 3d 46, 430 N.E.2d 620.

If no appeal has been taken from the January 13, 1988, decisions of the county officers electoral board, those decisions may have had a *res judicata* effect on the ultimate issue tendered by this appeal, *i.e.*, Butler's right to appear on the March 15, 1988, Democratic primary ballot as a candidate for State senator for the 9th legislative district.

There is no indication in this record that the January 13, 1988, decisions of the electoral board may have become final or whether a judicial review has been taken from them.

Further, not only does the Illinois State Board of Elections have the jurisdiction to amend certificates of nomination that are erroneous, the county clerk also has such jurisdiction. (Ill. Rev. Stat. 1985, ch. 46, par. 7—14.) It does not appear that the county clerk has refused or agreed to amend the certification of the State board as a result of the January 13, 1988, decisions of the Cook County electoral board, nor does it appear he has ever been asked to certify and print Butler's name on the March 15, 1988, primary ballot.

■ The ultimate material question in this case is whether Butler is entitled to be a nominee for the office of State senator in the Democratic primary election to be held on March 15, 1988, and, if so, how is his name to appear on the ballot if there is more than one candidate. As indicated, this question cannot be decided in this appeal without additional evidence either by way of stipulation in the trial court made part of this record or by documentary and other evidence. Where the material question in controversy is before an appellate

court on a material issue and all the evidence has not been produced so that the appellate court can decide the issue, the reviewing court may remand the cause for the taking of further evidence on the issue by either or both of the parties. *Inter-Insurance Exchange of the Chicago Motor Club v. Employers Mutual Casualty Co.* (1975), 31 Ill. App. 3d 906, 334 N.E.2d 913.

■ Based on the above, as to the defendant Illinois State Board of Elections, the court must remand the cause to the trial court for a determination of the following facts: (1) Was the notification by the Illinois State Board of Elections in writing? (2) Was the writing an order containing findings of fact and conclusions or was it a mere expression based on an attorney's opinion? (3) Were the orders of January 13, 1988, made by the county electoral board ever appealed? (4) Was the county clerk ever requested to amend the certification of the State board after the January 13, 1988, decisions of the Cook County Officers Electoral Board? (5) If so, did the county clerk refuse to amend?

The cause as to the Illinois State Board is, therefore, remanded for the taking of evidence on these issues and whatever other issues the parties might deem pertinent.

■ With respect to the Cook County clerk, the notice of appeal was never served upon him. Under supreme court rules a notice of appeal has to be served on every party adversely affected by the order. (107 Ill. 2d R. 303(d).) Although this rule does not affect the jurisdiction of the court, failure to serve notice upon parties that may be adversely affected by the appellate court's decision requires a dismissal of the appeal at least as to that party or those parties. *People v. Claudio* (1973), 13 Ill. App. 3d 537, 300 N.E.2d 791.

Accordingly, the appeal as to the Cook County clerk is dismissed. As to the Illinois State Board of Elections, the cause is remanded for the taking of additional evidence.

Appeal dismissed in part, remanded in part.

LORENZ, P.J., and SULLIVAN, J., concur.