PAULINE DOLIDO, Plaintiff-Appellant, v. ZENITH RADIO CORPORATION, Defendant-Appellee.

First District (5th Division)   No. 87—0354

Opinion filed December 2, 1988.

Daniel R. Soso, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Stephen R. Swofford, Kearney W. Kilens, and Lynn D. Dowd, of counsel), for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Plaintiff, Pauline Dolido, appeals the dismissal of her complaint, pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619), in her action to collect proceeds from defendant Zenith Radio Corporation's profit sharing plan.

We remand with directions.

The following facts are pertinent to this appeal.

Plaintiff is the widow of Paul Dolido, a former employee of defendant Zenith Radio Corporation (Zenith). Paul Dolido died on December 29, 1979. At the time of his death, Paul Dolido had an interest in Zenith's profit sharing plan (sometimes the Plan) in the amount of $50,397.01. On March 2, 1981, Zenith distributed the proceeds of the Plan to Julie Kashuba, Paul Dolido's niece, whose name appeared on a designation of beneficiary form, dated December 21, 1979, containing the purported signature of Paul Dolido.

Plaintiff, as administrator of Paul Dolido's estate, sought, in a subsequent probate proceeding, recovery of that interest in separate petitions against Zenith and Kashuba. Both Zenith and Kashuba successfully moved to dismiss the respective petitions. Plaintiff appealed both rulings. In a consolidated review, this court, on April 18, 1986, in an unpublished order pursuant to Supreme Court Rule 23 (107 Ill. 2d R. 23), affirmed the dismissals. We ruled that because, under the Plan's provisions, either Kashuba, as designated beneficiary, or plaintiff, as surviving spouse in the absence of a designated beneficiary, was entitled to the interest, the proceeds were nonprobatable assets outside of any claim of the estate and therefore not property subject to probate proceedings.

Subsequently, on July 11, 1986, plaintiff filed a complaint, as amended, in the circuit court of Cook County against Zenith, seeking, in each of three counts, recovery of Paul Dolido's interest in the Plan. That complaint gives rise to the instant appeal. Relevant to each count, section 2 of the Plan, pertaining to designation of beneficiaries,

provided that if, for reasons enumerated, no valid designation of beneficiary existed on file with the company at the time of death of the member, the death benefit would be paid to the member's spouse.

Count I alleged that, at the time Paul Dolido purportedly executed the designation of beneficiary form, he was incompetent by reason of a terminal illness. Count II alleged Zenith breached its duty to assure payment to the proper person when it issued payment to Kashuba over plaintiff's objections. In support, count II stated that in 1978 Paul Dolido was diagnosed as having cancer, that chemotherapy treatments he received caused confusion, that he was not competent to understand the nature of the designation of beneficiary form, and that his signature thereon was forged. Plaintiff prayed for declaration that the executed designation of beneficiary form was invalid.

Count III contained substantially the same allegations as count II. Additionally, plaintiff alleged that Zenith knew of Paul Dolido's illness, and was aware of the chemotherapy treatments, but disregarded notices of plaintiff's claim to the interest and made no attempt to determine the validity of the designation of beneficiary. Plaintiff further alleged that Zenith failed as a "stakeholder" to deposit the amount of the interest in dispute with the court.

Defendant moved to dismiss plaintiff's complaint pursuant to section 2—619 of the Code of Civil Procedure. As to counts I and III, defendant argued that plaintiff lacked standing to assert a breach of contract claim because plaintiff was not the designated beneficiary under the Plan. As to count II, defendant argued that the payment of the interest to Julie Kashuba rendered the issue moot. Defendant also argued that plaintiff's claim was barred by *laches* because, although Paul Dolido died in December 1979, payment was not made until March 1981 and Zenith had not received any notice regarding claims of alleged fraud or undue influence.

On December 30, 1986, defendant's motion was granted. This appeal followed.

OPINION

■ The record in this case does not contain a transcript of the hearing below on defendant's motion to dismiss such as would enable us to ascertain the trial court's basis for dismissal of plaintiff's complaint. Nor does the order of dismissal contain reasons for that disposition. Normally, in such instances, every issue raised in the motion to dismiss, not waived on appeal, must be considered on review. (*Dunn v. Baltimore & Ohio R.R. Co.* (1987), 162 Ill. App. 3d 97, 515 N.E.2d 1027.) However, we are here presented with an unusual situation and

decline to consider the merits of any of the grounds necessarily before us because the record is not in a condition which permits disposition of the material issues involved.

Plaintiff here asserted a cause of action against defendant Zenith for the alleged wrongful payment, to Julie Kashuba, of plaintiff's purported interest, as contingent beneficiary, of her late husband's interest in Zenith's profit sharing plan. Defendant Zenith successfully opposed that action, contending, in part, that plaintiff had no standing to assert a cause of action against Zenith. That issue is before us on review. Material to our disposition of that issue is the determination not only of plaintiff's alleged rights under the Plan's provisions, but also of Zenith's duties and obligations.

■ We are prevented, however, from that determination because only two pages of the Plan, numbered 63 and 64, have been included by plaintiff, as an exhibit to the complaint, in the record. While plaintiff attached those pages for the purpose of evidencing the section of the Plan respecting designation of beneficiaries, we note that the text preceding that section on the page numbered 63 contains the term "trust fund." Whether the Plan is a trust, Zenith a trustee, and plaintiff a contingent beneficiary is crucial to the proper disposition of the issue of plaintiff's standing to assert her cause of action. That determination requires a reading of the entire Plan.

Our decision to remand this matter for presentation and consideration below of the entire Plan is consistent with the decision in *Inter-Insurance Exchange v. Employers Mutual Casualty Co.* (1975), 31 Ill. App. 3d 906, 334 N.E.2d 913. *Inter-Insurance* involved a declaratory judgment action between plaintiff, insurer of a prospective automobile purchaser, and defendant dealer's insurer to determine whether defendant's policy afforded coverage, and if so, whether that coverage was primary for an accident occurring during a test drive. Following a ruling for plaintiff on both declarations, defendant moved to vacate the court's order, contending, in part, that an exclusionary clause in defendant's policy precluded primary coverage thereunder. Although memoranda of law were filed by both parties, neither addressed whether coverage under the policy was primary or secondary. Defendant's motion was denied.

On appeal, defendant sought to raise the issue of primary coverage arguing that determination of the issue required examination of both parties' policies, but that neither had been included in the record. In response, plaintiff argued the issue of primary coverage had not been previously raised and therefore could not be considered on review.

Without rendering a decision, the court remanded the matter for the purpose of receiving evidence of the respective policies, acknowledging the power inherent in a reviewing court to do so where the record is not in condition for the court to decide the question presented with justice to all the parties. (*Inter-Insurance,* 31 Ill. App. 3d at 909, 334 N.E.2d at 915.) The court noted that remand was particularly appropriate because only documentary evidence would have to be considered and the determination made thereon involved only a question of law. (*Inter-Insurance,* 31 Ill. App. 3d at 909, 334 N.E.2d at 915.) The court was not persuaded by defendant's argument that remand allowed plaintiff a second day in court, reasoning that the concept of "a day in court" permits parties to offer all relevant evidence which a court requires to reach an accurate decision and to do justice. *Inter-Insurance,* 31 Ill. App. 3d at 909-10, 334 N.E.2d at 916.

Similarly, the condition of the record in the instant case precluded the trial court below, and prevents us now on review, from reaching any conclusion as to plaintiff's standing as a matter of law to assert a cause of action based on the Zenith profit sharing plan. Such conclusion, however, may be easily made upon review of the entire Plan. As in *Inter-Insurance,* because the determination of the material issue involves a legal question based on a written document, remand is particularly appropriate.

We therefore remand with directions to the trial court to order the parties to present a complete copy of the Zenith profit sharing plan applicable to plaintiff's complaint and to determine whether, after consideration of the Plan's provisions, plaintiff lacks standing to institute her cause of action thereunder.

Remanded with directions.

PINCHAM and MURRAY, JJ., concur.