BILL RUSS, Petitioner-Appellant and Cross-Appellee, v. LOUIS A. HOFFMAN *et al.*, Respondents-Appellees and Cross-Appellants.

First District (5th Division) No. 1—97—0769

Opinion filed May 2, 1997.

Lawrence G. Zdarsky, of Westmont, for appellant.

Mathias W. Delort, of Odelson & Sterk, Ltd., of Evergreen Park, for appellee Louis A. Hoffman.

Richard J. Ramello, of Storino, Ramello & Durkin, of Rosemont, for appellee Village of Brookfield Municipal Officers Electoral Board.

JUSTICE SOUTH delivered the opinion of the court:

On January 14, 1997, candidate Bill Russ (petitioner) filed nominating papers with the clerk of the Village of Brookfield for the office of village president. In order to be placed on the ballot for the

April 1, 1997, consolidated election, petitioner needed nominating petitions containing the valid signatures of 171 registered voters. Petitioner filed a total of 274 signatures, 103 more than necessary to be placed on the ballot.

On January 28, 1997, respondent, Louis A. Hoffman, filed objections to the nomination papers of petitioner with the Brookfield municipal clerk's office. Hoffman alleged that 23 of the signatories either were not registered voters or had printed their signatures instead of signing. These signatures were stricken by the electoral board, and the petitioner does not appeal from the circuit court's affirmation of that action. This left petitioner with 251 signatures, 80 more signatures than the minimum requirement. In addition, Hoffman alleged that the circulator's affidavit was false because the purported circulator did not actually obtain the signatures affixed to five sheets containing 100 signatures.

A hearing was held on Hoffman's petition before the Village of Brookfield Municipal Officers Electoral Board (Electoral Board) on February 1 and 6, 1997. On February 7, 1997, the Electoral Board filed its written decision sustaining the objections and striking Bill Russ from the ballot of the consolidated election of April 1, 1997.

On February 13, 1997, petitioner filed a petition for judicial review of the Electoral Board's decision of February 7, 1997. The petition names as the sole defendant Louis A. Hoffman.

Petitioner, on February 18, 1997, served by certified mail upon the attorney for the Electoral Board a copy of its petition for judicial review and notice of motion presenting the petition for judicial review for hearing. The petition for judicial review was not served upon the individual members of the Electoral Board. The petition for judicial review did not name the Village of Brookfield Municipal Officers Electoral Board or its members as parties to the action. The caption of the petition for judicial review did not list the Electoral Board or the names of its members as parties to the action.

The Electoral Board filed a special and limited appearance objecting to the jurisdiction of the court. Defendant filed a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (735 ILCS 5/2—619 (West 1994)), arguing that the circuit court lacked jurisdiction to hear the petition for judicial review due to the failure of the plaintiff to name the Electoral Board, its members and the Cook County clerk as parties to the action. On February 28, 1997, the circuit court entered an order denying the motion to dismiss but affirming the decision of the Village of Brookfield Municipal Officers Electoral Board.

Petitioner thereafter brought an emergency appeal seeking to

overturn the trial court's order of February 28. On March 26, 1997, this court issued a summary order dismissing the appeal for lack of subject matter jurisdiction. Petitioner was thereafter struck from the ballot. We explain our March 26, 1997, order here.

■ An appeal to the judiciary is provided for by way of the Illinois Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1994)) from any decision of an electoral board. *Butler v. State Board of Elections*, 167 Ill. App. 3d 35, 40, 520 N.E.2d 1051 (1988). The procedure for judicial review provided in the Election Code, while not expressly equivalent, is substantially the same as that provided by the Administrative Review Act (Ill. Rev. Stat. 1985, ch. 110, par. 3—101 *et seq.*). *Serwinski v. Board of Election Commissioners*, 156 Ill. App. 3d 257, 261, 509 N.E.2d 509 (1987); *Dillavou v. County Officers Electoral Board*, 260 Ill. App. 3d 127, 131, 632 N.E.2d 1127 (1994).

The Election Code provides a short, 10-day period in which to appeal an adverse electoral board decision. All other procedures for review are governed by and track the administrative review statute. 735 ILCS 5/3—101 *et seq.* (West 1994).

There does not appear to be a reported decision delineating the necessary parties to an electoral board appeal. However, there are a number of cases under the Administrative Review Law that apply to an electoral board appeal.

■ The members of an administrative board are necessary parties to an appeal from their decision. *Orlowski v. Village of Villa Park Board of Fire & Police Commissioners*, 273 Ill. App. 3d 42, 652 N.E.2d 366 (1995). If a party is not named in the caption, the party has not been properly named. *Associated General Contractors v. Shinae Chun*, 245 Ill. App. 3d 750, 615 N.E.2d 386 (1993).

Section 10—10.1 of the Election Code (10 ILCS 5/10—10.1 (West 1994)), in setting forth the method of service of the petition for judicial review, states "[t]he petitioner shall serve a copy of the petition upon the electoral board and other parties to the proceeding by registered or certified mail and shall file proof of service with the clerk of the court." Since it was the Electoral Board that made the decision from which petitioner seeks judicial review, it is a necessary party to the action. Plaintiff concedes this in his brief. However, he then argues that he properly named the Brookfield Municipal Officers Electoral Board and that he is under no obligation to name the individual board members to the petition.

A reading of section 10—10.1 of the Election Code indicates that the legislature did not mean that naming and serving the electoral board and the objector were all that was required. The legislature used the word "parties." By using the word "parties," the legislature

was clearly contemplating the electoral board as being more than one in number. Here, where petitioner is seeking review of a written decision signed by three individual members of the Electoral Board, he must name all three members in order to have jurisdiction over them. The individual members of the Electoral Board are necessary parties because each of the Board members signed the written decision from which the plaintiff seeks judicial review.

■ Plaintiff did not name the Electoral Board or its members in the caption of his petition within the 10-day time limit set forth in section 10—10.1 of the Election Code. The petitioner's referral to the Electoral Board in the body of his petition is not sufficient under the requirements of the Election Code to overcome this omission. Nor is petitioner's service by certified mail of a copy of the petition for judicial review upon the attorney for the Village of Brookfield Municipal Officers Electoral Board sufficient. The failure to name the Electoral Board and its individual members deprived the circuit court of subject matter jurisdiction and, consequently, deprives this court of subject matter jurisdiction to review the decision of the circuit court.

Appeal dismissed.

HARTMAN, P.J., and HOFFMAN, J., concur.