FIFTH DIVISION
 May 2, 1997






No. 1-97-0769

BILL RUSS, ) APPEAL FROM
 ) THE CIRCUIT COURT
 Petitioner-Appellant and ) OF COOK COUNTY.
 Cross-Appellee, )
 v. )
 )
LOUIS A. HOFFMAN, THE VILLAGE OF ) 
BROOKFIELD MUNICIPAL OFFICERS )
ELECTORAL BOARD and THE OFFICE OF )
THE COOK COUNTY CLERK, )
 )
 Respondent-Appellees and ) THE HONORABLE
 Cross-Appellants. ) RAYMOND JAGIELSKI,
 ) JUDGE PRESIDING.


 JUSTICE SOUTH delivered the opinion of the court:
 On January 14, 1997, candidate Bill Russ (petitioner) filed
nominating papers with the clerk of the Village of Brookfield for
the office of village president. In order to be placed on the
ballot for the April 1, 1997, consolidated election, petitioner
needed nominating petitions containing the valid signatures of
171 registered voters. Petitioner filed a total of 274
signatures, 103 more than necessary to be placed on the ballot.
 On January 28, 1997, respondent, Louis A. Hoffman, filed
objections to the nomination papers of petitioner with the
Brookfield municipal clerk's office. Hoffman alleged that 23 of
the signatories either were not registered voters or had printed
their signatures instead of signing. These signatures were
stricken by the electoral board, and the petitioner does not
appeal from the circuit court's affirmation of that action. This
left petitioner with 251 signatures, 80 more signatures than the
minimum requirement. In addition, Hoffman alleged that the
circulator's affidavit was false because the purported circulator
did not actually obtain the signatures affixed to five sheets
containing 100 signatures. 
 A hearing was held on Hoffman's petition before the Village
of Brookfield Municipal Officers Electoral Board (Electoral
Board) on February 1 and 6, 1997. On February 7, 1997, the
Electoral Board filed its written decision sustaining the
objections and striking Bill Russ from the ballot of the
consolidated election of April 1, 1997.
 On February 13, 1997, petitioner filed a petition for
judicial review of the Electoral Board's decision of February 7,
1997. The petition names as the sole defendant Louis A. Hoffman.
 Petitioner, on February 18, 1997, served by certified mail
upon the attorney for the Electoral Board a copy of its petition
for judicial review and notice of motion presenting the petition
for judicial review for hearing. The petition for judicial
review was not served upon the individual members of the
Electoral Board. The petition for judicial review did not name
the Village of Brookfield Municipal Officers Electoral Board or
its members as parties to the action. The caption of the
petition for judicial review did not list the Electoral Board or
the names of its members as parties to the action.
 The Electoral Board filed a special and limited appearance
objecting to the jurisdiction of the court. Defendant filed a
motion to dismiss pursuant to section 2-619 of the Illinois Code
of Civil Procedure (735 ILCS 5/2-619 (West 1994)), arguing that
the circuit court lacked jurisdiction to hear the petition for
judicial review due to the failure of the plaintiff to name the
Electoral Board, its members and the Cook County clerk as parties
to the action. On February 28, 1997, the circuit court entered
an order denying the motion to dismiss but affirming the decision
of the Village of Brookfield Municipal Officers Electoral Board.
 Petitioner thereafter brought an emergency appeal seeking to
overturn the trial court's order of February 28. On March 26,
1997, this court issued a summary order dismissing the appeal for
lack of subject matter jurisdiction. Petitioner was thereafter
struck from the ballot. We explain our March 26, 1997, order
here.
 An appeal to the judiciary is provided for by way of the
Illinois Administrative Review Law (735 ILCS 5/3-101 et seq.
(West 1994)) from any decision of an electoral board. Butler v.
State Board of Elections, 167 Ill. App. 3d 35, 40, 520 N.E.2d
1051 (1988). The procedure for judicial review provided in the
Election Code, while not expressly equivalent, is substantially
the same as that provided by the Administrative Review Act (Ill.
Rev. Stat. 1985, ch. 110, par. 3-101 et seq.). Serwinski v.
Board of Election Commissioners, 156 Ill. App. 3d 257, 261, 509
N.E.2d 509 (1987); Dillavou v. County Officers Electoral Board,
260 Ill. App. 3d 127, 131, 632 N.E.2d 1127 (1994).
 The Election Code provides a short, 10-day period in which
to appeal an adverse electoral board decision. All other
procedures for review are governed by and track the
administrative review statute. 735 ILCS 5/3-101 et seq. (West
1994).
 There does not appear to be a reported decision delineating
the necessary parties to an electoral board appeal. However,
there are a number of cases under the Administrative Review Law
that apply to an electoral board appeal.
 The members of an administrative board are necessary parties
to an appeal from their decision. Orlowski v. Village of Villa
Park Board of Fire & Police Commissioners, 273 Ill. App. 3d 42,
652 N.E.2d 366 (1995). If a party is not named in the caption,
the party has not been properly named. Associated General
Contractors v. Shinae Chun, 245 Ill. App. 3d 750, 615 N.E.2d 386
(1993).
 Section 10-10.1 of the Election Code (10 ILCS 5/10-10.1
(West 1994)), in setting forth the method of service of the
petition for judicial review, states "[t]he petitioner shall
serve a copy of the petition upon the electoral board and other
parties to the proceeding by registered or certified mail and
shall file proof of service with the clerk of the court." Since
it was the Electoral Board that made the decision from which
petitioner seeks judicial review, it is a necessary party to the
action. Plaintiff concedes this in his brief. However, he then
argues that he properly named the Brookfield Municipal Officers
Electoral Board and that he is under no obligation to name the
individual board members to the petition.
 A reading of section 10-10.1 of the Election Code indicates
that the legislature did not mean that naming and serving the
electoral board and the objector were all that was required. The
legislature used the word "parties." By using the word
"parties," the legislature was clearly contemplating the
electoral board as being more than one in number. Here, where
petitioner is seeking review of a written decision signed by
three individual members of the Electoral Board, he must name all
three members in order to have jurisdiction over them. The
individual members of the Electoral Board are necessary parties
because each of the Board members signed the written decision
from which the plaintiff seeks judicial review.
 Plaintiff did not name the Electoral Board or its members in
the caption of his petition within the 10-day time limit set
forth in section 10-10.1 of the Election Code. The petitioner's
referral to the Electoral Board in the body of his petition is
not sufficient under the requirements of the Election Code to
overcome this omission. Nor is petitioner's service by certified
mail of a copy of the petition for judicial review upon the
attorney for the Village of Brookfield Municipal Officers
Electoral Board sufficient. The failure to name the Electoral
Board and its individual members deprived the circuit court of
subject matter jurisdiction and, consequently, deprives this
court of subject matter jurisdiction to review the decision of
the circuit court.
 Appeal dismissed.
 HARTMAN, P.J., and HOFFMAN, J., concur.