NANNIE MAHONIE, Plaintiff-Appellant, v. JAMES EDGAR, Secretary of State, Defendant-Appellee.

First District (2nd Division)   No. 84—0120

Opinion filed January 8, 1985.

Legal Assistance Foundation, of Chicago (John M. Bouman and James O. Latturner, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Thomas P. Marnell, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE PERLIN delivered the opinion of the court:

Plaintiff, Nannie Mahonie, brought this action pursuant to the Administrative Review Law (Ill. Rev. Stat. 1983, ch. 110, par. 3—101 *et seq.*) to review a decision of the defendant, Illinois Secretary of State, under the Illinois Safety Responsibility statute (Ill. Rev. Stat. 1983, ch. 95½, par. 7—100 *et seq.*). Defendant found that there existed a reasonable possibility of a civil judgment's being entered against plaintiff in a court of competent jurisdiction under section 7—205 of the statute, and thus defendant suspended her driving and registration privileges. The circuit court affirmed defendant's decision. Plaintiff appeals, contending: (1) defendant's decision was against manifest weight of the evidence; and (2) the decision violates due process of law.

The action arises from an automobile accident between plaintiff's vehicle with that of another motorist, Josephine Cook, on February 10, 1983. Plaintiff was notified by defendant's office of a hearing on August 25, 1983, to determine whether an order of suspension should be entered against her for her failure to comply with the requirements of the aforementioned statute. Plaintiff appeared at the hearing and admitted that she was not insured and had not paid damages to Josephine Cook. However, plaintiff maintained that the accident was not her fault since she was parked waiting to make a left turn when the Cook vehicle hit her. Plaintiff claimed that, when the police came to the accident scene, they said it was Cook's fault; plaintiff also claimed that Cook was drinking at the time of the accident.

According to the police report, no citation was issued. The police report indicated plaintiff's vehicle was moving at the time of the collision, but did not indicate whether the Cook vehicle was stopped or moving.

In her report to defendant, Ms. Cook indicated that she was proceeding east on 87th Street in Chicago, near the intersection of Vincennes, when plaintiff exited a parking lot, and while crossing the traffic to make an L-turn to go west, struck the right front fender of Cook's car.

Plaintiff in her report to defendant claimed she was stopped in traffic at the time of the collision and that the Cook vehicle had a long mark down its side.

At the hearing, plaintiff explained that, as she exited a store parking lot facing on 87th Street, she crossed the two eastbound

lanes on 87th and came to a stop in the "turning" lane, where she waited for an opportunity to head westbound on 87th Street. The Cook vehicle then "jumped over" to go around plaintiff's car, which was in the turning lane, and hit plaintiff's car.

Defendant marked three exhibits, the police report, Ms. Cook's report to the Secretary of State, and a certificate of the Secretary of State of damages to the Cook vehicle in the amount of $650. The hearing officer reduced the amount to $400 because of Ms. Cook's possible negligence and entered an order suspending plaintiff's driver's license plates and registration.

■ Plaintiff first contends that defendant's decision is against the manifest weight of the evidence. A motorist must be given a presuspension opportunity to be heard on the issue of the reasonable possibility of liability before his motoring privileges may be suspended. (*Pollion v. Lewis* (N.D. Ill. 1971), 332 F. Supp. 777, 778, following *Bell v. Burson* (1971), 402 U.S. 535, 29 L. Ed. 2d 90, 91 S. Ct. 1586; *Spaulding v. Howlett* (1978), 59 Ill. App. 3d 249, 253-54, 375 N.E.2d 437.) Plaintiff particularly relies on *Spaulding* for the proposition that she was deprived of due process because hearsay is not competent evidence in a presuspension hearing and without the hearsay evidence, there is insufficient evidence to show a reasonable possibility of liability on plaintiff's part. In *Spaulding v. Howlett*, plaintiff did not testify at the hearing, and the only evidence presented at the hearing was the accident report filled out by the other motorist. *Spaulding* specifically held that the legislature did not intend to allow hearsay evidence to be the sole basis for defendant's determination that there was a reasonable possibility of a judgment being entered. Based on *Spaulding*, plaintiff argues the police report, the report Cook made to defendant and the estimate were incompetent evidence and deprived plaintiff of her constitutional right to cross-examine the adverse witnesses.

■ Defendant argues that in *Spaulding* the court said that if plaintiff's report had been introduced at the hearing, it might have provided some corroboration for the version of the other motorist concerning how the accident occurred. (59 Ill. App. 3d 249, 253.) Defendant further argues that plaintiff here testified that she was crossing the predominant lane of traffic, and it is claimed that, when a motorist cuts across three lanes of "very heavy" traffic, there is considerable risk and a reasonable driver would not cross without exercising due care. Plaintiff responds that, if the hearsay evidence is not considered, her testimony concerning how the accident happened stands uncontradicted that evidence showed that she left the parking lot

moving slowly through heavy traffic, and she had traversed the two eastbound lanes of 87th Street and was in a parked position in a crossing lane when the other motorist proceeded to maneuver around plaintiff's vehicle and in doing so scratched the side of her vehicle on plaintiff's fender.

Whether the judgment of the agency that there was a reasonable possibility of plaintiff's being found liable to the other motorist was against the manifest weight of the competent evidence at the hearing therefore depends on whether the documents were properly admitted at the hearing. The crucial difference between this case and *Spaulding* is that in *Spaulding* there was a specific objection to the hearsay evidence (*Spaulding v. Howlett* (1978), 59 Ill. App. 3d 249, 250); there was no objection here. The general rule is that hearsay evidence received without objection may be given its natural probative weight. (*Svenson v. Miller Builders, Inc.* (1979), 74 Ill. App. 3d 75, 87, 392 N.E.2d 628.) Therefore, we conclude the hearsay evidence was properly admitted and that when it is considered, the liability for the accident is dependent on whether one accepts plaintiff's version or Ms. Cook's version about how the accident happened. Since the trier of fact at a trial could choose to believe either Ms. Cook or plaintiff, a reasonable possibility exists that plaintiff could be found liable. Defendant's decision in this case is therefore not against the manifest weight of the evidence.

■ Plaintiff also claims the hearing officer could not reject her testimony because it was uncontradicted. (*People ex rel. Brown v. Baker* (1981), 88 Ill. 2d 81, 85, 430 N.E.2d 1126.) However, other evidence did contradict plaintiff's version of the accident as noted above.

■ Plaintiff also argues that no orderly review of the case can be made because the hearing officer did not make sufficiently detailed findings, citing *Reinhardt v. Board of Education* (1975), 61 Ill. 2d 101, 329 N.E.2d 218. However, where, as here, the testimony before the administrative agency is preserved for review in the record, specific findings of fact by the agency are not necessary for judicial review. See *O'Boyle v. Personnel Board* (1983), 119 Ill. App. 3d 648, 657, 456 N.E.2d 998.

■ Plaintiff also maintains that the conduct of the administrative hearing, itself, denied her due process of law. In part, this argument is based on her previous contentions, *i.e.*, that improper consideration of hearsay evidence violated her due process right to cross-examine adverse witnesses, and the lack of sufficient administrative findings denied her due process, and it is therefore without merit. But plaintiff further alleges that defendant's representative was allowed to take

over the hearing and engage in leading, argumentative, suggestive and badgering questions, to express opinions about the case "based on his own alleged experience" to warn plaintiff to cut off her answers and characterize her testimony and to mark and enter his own hearsay exhibits. Plaintiff claims the hearing officer "joined" the "attack" on her and she was never allowed to tell her whole story to explain her answers or to cross-examine adverse witnesses with the result that the hearing unmistakably became a prosecution aimed at establishing guilt and not an impartial investigation.

We agree with the plaintiff, following *Gigger v. Board of Fire & Police Commissioners* (1960), 23 Ill. App. 3d 433, 438-39, 163 N.E.2d 541, that a hearing before an administrative agency should not be partisan but should be an investigation instituted for the purpose of ascertaining and making findings of fact, that the opportunity to be heard should not be arbitrarily limited, that a fair consideration of the individual's objections should be included, and that the opportunity to be heard, the right to cross-examine adverse witnesses and to impartiality in rulings upon evidence are fundamental concepts of a fair hearing. However, we cannot say that these rights were not granted to plaintiff in this case. Plaintiff's attempts to relate how this accident took place were very confusing, and both defendant's representative and the hearing officer questioned her to find how the accident happened. There is no indication in the record that plaintiff was the victim of unfair rulings concerning the admissibility of evidence, that she was denied the right to cross-examine adverse witnesses, or that she was prevented from presenting any evidence to the hearing officer. Much of the difficulty at the hearing was because she was not represented by counsel. (*Cf. Minfield v. Bernardi* (1984), 122 Ill. App. 3d 97, 100-101, 460 N.E.2d 766.) We cannot agree with plaintiff's characterization of the hearing and we conclude she was accorded due process.

Therefore, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

STAMOS, P.J., and HARTMAN, J., concur.