LEONARD STONE, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY BOARD OF REVIEW *et al.*, Defendants-Appellants.

Second District   No. 2—90—0685

Opinion filed May 17, 1991.

REINHARD, P.J., dissenting.

Roland W. Burris, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Karen Michels Caille and Jan E. Hughes, Assistant Attorneys General, all of Chicago, of counsel), for appellants.

Vicki Lafer Abrahamson & Associates and Alan P. Sobel, both of Chicago (Vicki L. Abrahamson, of counsel), for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, Department of Employment Security Board of Review (Board), appeals from the trial court's reversal of the Board's determination on administrative review. We affirm in part, reverse in part, and remand.

Plaintiff, Leonard Stone, was discharged from his job with defendant, National Interchem Corporation (Interchem), in April 1987. Stone then applied for unemployment insurance benefits from the Department of Employment Security (Department). Interchem contested the claim. A Department claims adjudicator found Stone ineligible for benefits because Stone's excessive tardiness while working for Interchem constituted misconduct. The adjudicator affirmed his previous decision upon reconsideration.

Stone sought review of the adjudicator's decision by a Department referee. On the morning of the hearing, Interchem requested a continuance because its representative and witness were unavailable. The continuance was denied, and the only testimony on behalf of Interchem was given by the secretary who called to request the continuance. The referee reversed the adjudicator's determination and subsequently denied Interchem's request for a rehearing. Interchem appealed to the Board, which remanded the matter to the referee for further hearings; the proceedings of the first hearing before the referee were to be incorporated into the record before the referee.

At the hearing on remand, the referee stated that he did not have a transcript of the prior hearing; therefore, the hearing was conducted *de novo*. The referee affirmed the determination of the adjudicator, which found that Stone was discharged for misconduct and ineligible for benefits. Stone appealed to the Board, which affirmed the referee.

Stone next filed a complaint for administrative review. The circuit court reversed the Board's determination, finding it against the manifest weight of the evidence. The court also found that the Board's decision to remand was made beyond the time permitted by statute and that the referee's *de novo* hearing was a denial of Stone's right to due process. This appeal followed.

The Board first contends that the trial court lacked subject-matter jurisdiction over Stone's complaint for administrative review. The initial complaint in administrative review named Interchem and the

Board as defendants. The Board filed a motion to dismiss for lack of subject-matter jurisdiction, contending that defendant Sally Jackson, Director of the Department, should have been named as a defendant. Stone filed a motion to amend his complaint to include Jackson, which the court subsequently granted.

■■ ■ The Board's contention is based upon its reading of section 1100 of "An Act in relation to a system of unemployment insurance" (the Act) (Ill. Rev. Stat. 1989, ch. 48, par. 520). This section applies the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—101 *et seq.*) to judicial review of Board decisions and provides in part:

"The Director shall be deemed to be a party to any judicial action involving any such decision and shall be represented by the Attorney General." (Ill. Rev. Stat. 1989, ch. 48, par. 520.)

The Board then looks to section 3—107 of the Administrative Review Law, which states:

"In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1989, ch. 110, par. 3—107.)

The Board argues that, since Jackson, the Director, is deemed to be a party to the proceedings, she must be made a defendant in the administrative review. According to the Board, failure to file a complaint designating Jackson as a defendant within 35 days of the Board's decision, pursuant to section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—103), deprived the trial court of jurisdiction over the case. See *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349.

■ This argument lacks merit. Section 3—107 requires designation as defendant of "all persons *** who were *parties of record* to the proceedings *before the administrative agency.*" (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 110, par. 3—107.) Jackson was not a party of record in the hearing before the Board. Although section 1100 states that the Director shall be deemed a party "to any *judicial* action" involving a Board decision (emphasis added) (Ill. Rev. Stat. 1989, ch. 48, par. 520), nowhere does the Act deem the Director to be a party to the Board action itself, an *administrative* action. Since only parties of record to the administrative action need be named in the complaint for administrative review, and Director Jackson was not a party of record to those proceedings, Stone was not required to name Jackson in his complaint. Therefore, the circuit court had jurisdiction over the cause.

The Board next contends that the trial court erred in finding that the Board lost jurisdiction before it remanded the cause to the referee. We agree.

Interchem sought a rehearing of the referee's reversal of the claim adjudicator's decision. This request was denied on September 18, 1987. The Board reversed the referee's decision and remanded the cause on October 14, 1988. When this cause eventually arrived in the circuit court, the court found that the Board's decision reversing and remanding the referee's decision was untimely filed by the Board and therefore null and void.

Section 803 of the Act provides in part:

"The Board of Review shall make a final determination on the appeal within 120 days of the date of the filing of the appeal and shall notify the parties of its final determination or finding, or both, within the same 120 day period. The period for making a final determination may be extended by the Board of Review to no more than 30 additional days upon written request of either party, for good cause shown.

At any time after the expiration of the aforesaid 120 day period, or the expiration of any extension thereof, and prior to the date the Board of Review makes a final determination on the appeal, the party claiming to be aggrieved by the decision of the Referee may apply in writing by certified mail, return receipt requested, to the Board of Review for a Notice of Right to Sue. The Board of Review shall issue, within 14 days of the date that the application was mailed to it, a Notice of Right to Sue to all parties entitled to notice of the Referee's decision, unless, within that time, the Board has issued its final decision. The Notice of Right to Sue shall notify the parties that the findings and decision of the Referee shall be the final administrative decision on the appeal, and it shall further notify any party claiming to be aggrieved thereby that he may seek judicial review of the final decision of the Referee under the provisions of the Administrative Review Law. *** Any decision issued by the Board after the aforesaid 14 day period shall be null and void. If the Board fails to either issue its decision or issue a Notice of Right to Sue within the prescribed 14 day period, then the findings and decision of the Referee shall, by operation of law, become the final administrative decision on the appeal. *** If no party applies for a Notice of Right to Sue, the decision of the Board of Review, issued at any time, shall be

the final decision on the appeal." Ill. Rev. Stat. 1989, ch. 48, par. 473.

The trial court found that the Board's decision, rendered almost 13 months after the notice of appeal to the Board was filed, was not filed pursuant to section 803 of the Act. The Board here argues that the 120-day period for filing a decision is merely directory, not mandatory.

■■ ■ We conclude that the Board's decision was issued in compliance with the Act. Determinative of this issue is the last sentence of section 803, which states:

> "If no party applies for a notice of right to sue, the decision of the Board of Review, *issued at any time*, shall be the final decision on the appeal." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 48, par. 473.)

In this case, neither party applied for a notice of right to sue. Therefore, the Board's decision, even though it was issued nine months late, is the final decision on appeal.

The parties spend considerable time and effort debating whether the time provisions of section 803 are mandatory or directory. Section 803 is mandatory *if* it is called into effect by the parties. Unless a notice of right to sue is requested, the time constraints contained in section 803 are not called into play. This situation is analogous to that covered by the speedy trial provisions of section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b)). Under those provisions, a person on bail or recognizance is entitled to trial within 160 days of his *demand* for trial; without such a demand, such a person can be tried beyond 160 days. (See *People v. Freeland* (1981), 103 Ill. App. 3d 94.) Similarly, the time limits in the case before us must be invoked by the claimed aggrieved party before they become operational. Once invoked, the procedures and limits become mandatory. As the statutory procedures were not called into effect here, the Board's decision was properly issued.

An opposite reading of section 803 would render much of that section superfluous. If, as the court found, the Board's failure to issue its decision within 120 days renders such a decision beyond statutory bounds, the procedures for seeking notice of right to sue and the provisions subsequent to such an action become meaningless. Courts will not construe a statute in such a way as to make one of its provisions superfluous. *(Board of Trustees of Community College District No. 508 v. Human Rights Comm'n* (1981), 88 Ill. 2d 22, 28.) For this reason, and the others stated above, we conclude that the trial court erred in finding the Board's decision untimely issued.

The Board next contends that the court erred in finding that Stone's right to due process was violated when the referee, on remand, held a *de novo* review. The Board remanded the cause to the referee:

"[W]ith instructions to schedule a hearing for the purpose of taking the testimony of the parties and to obtain such evidence as may be available. Any proceedings had at the first hearing shall be incorporated in and made a part of the record before the Referee and the Referee shall issue a decision based on all the evidence, including that previously presented."

At the hearing on remand, the referee notified the parties that he did not have a copy of the transcript from the prior hearing. Stone, appearing by telephone, was required to testify again in detail. A witness who testified at the earlier hearing was not present at the remand hearing. After taking the new evidence, the referee reversed his prior decision and found that Stone was not eligible for benefits. The Board affirmed the referee's decision. The court reversed, finding that Stone's due process rights had been denied.

■ The Board first argues that Stone waived his argument regarding the *de novo* hearing by failing to object to the nature of the hearing at the time of the hearing. A party is obligated to raise constitutional questions at the earliest fair opportunity. (*Stark v. Pollution Control Board* (1988), 177 Ill. App. 3d 293, 296.) While Stone did not object at the hearing, neither was Stone told that the testimony from the prior hearing would not be considered by the referee. Stone was only told that, at the time of the hearing, the referee had not received a transcript of the earlier hearing. The referee only acted beyond his authority when he issued his decision without considering the testimony from the prior hearing. Stone raised the issue immediately before the Board and, later, the trial court. We conclude that Stone properly preserved the issue for review.

The Board found that, since the record of the first hearing before the referee was nonexistent, the referee acted properly in conducting a *de novo* hearing. The Board also found that Stone was given "a reasonable opportunity for a full, fair, and complete hearing and that his in-person presence was not required to determine credibility in the matter." On appeal, the Board argues that the *de novo* hearing actually protected, not violated, Stone's right to due process. We disagree.

■■ Stone received no notice that the hearing was to be held *de novo* before the hearing began. He did not know that he would be called to testify again and therefore appeared by telephone. The opportunity to be heard is a fundamental concept of a fair hearing. (*Ma-*

*honie v. Edgar* (1985), 131 Ill. App. 3d 175, 179.) While Stone was allowed to testify, he was not given the opportunity to testify in person. The taking of testimony via the telephone in Department hearings is neither specifically allowed nor disallowed in the Administrative Code. (See 56 Ill. Adm. Code ch. 1, par. 100.100 (1985).) However, we need not decide today whether the taking of testimony in this manner is permissible in all circumstances. We need only say that where, as here, the outcome of a hearing is so dependent on the credibility of the witnesses, an aggrieved party must be allowed to testify in person if he so chooses. By holding the *de novo* hearing when he did without prior notice, the referee denied Stone the right to choose his method of giving testimony, and thus, a fair hearing.

Additionally, the testimony of Marge Busse was omitted because of the *de novo* hearing. Busse, a secretary at Interchem, testified at the original hearing before the referee. Busse was not in attendance at the second hearing because her prior testimony was to have been included in the record. Since no transcript of the prior hearing was provided, Busse's testimony was not considered by the referee. Part of the right to be heard is the ability to present witnesses on one's behalf. Stone considered Busse's testimony beneficial to his position. By conducting the *de novo* hearing in Busse's absence and reaching his decision without the transcript, the referee failed to consider all the testimony in support of Stone's position. Therefore, Stone's right to a fair hearing was denied. A new hearing before the referee is required to right this injustice.

Because of our disposition of the above issue, we need not consider the Board's final contention.

For these reasons, the judgment of the circuit court of Du Page County is affirmed in part and reversed in part, and the cause is remanded for a new hearing before a Department referee.

*Affirmed in part; reversed in part and remanded.*

BOWMAN, J., concurs.

PRESIDING JUSTICE REINHARD, dissenting:

I respectfully dissent from the majority's opinion because I believe the circuit court lacked jurisdiction over plaintiff's complaint for administrative review by virtue of plaintiff's failure to name the Director of the Department of Employment Security as a party to the judicial proceeding. First, by focusing only on section 3—107 of the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—107)

as to who shall be named a defendant, the majority's interpretation effectively renders as meaningless the language of section 1100 of "An Act in relation to a system of unemployment insurance" which states, "The director shall be deemed to be a party to any judicial action involving such decision and shall be represented by the Attorney General." (Ill. Rev. Stat. 1989, ch. 48, par. 520.) Such an interpretation is contrary to the rule of statutory construction that courts will not construe a statute in such a way as to make a provision meaningless. *Niven v. Siqueira* (1985), 109 Ill. 2d 357, 365.

Secondly, in *Strang v. Department of Transportation* (1990), 206 Ill. App. 3d 368, 372, the plaintiff therein conceded that the Director of the Department of Employment Security, among others, was a necessary party. The appellate court did not disagree with this concession and found that, absent contrary instructions from the supreme court, *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, was to be applied retroactively and that the circuit court therefore lacked jurisdiction to review the administrative agency's decision. (*Strang*, 206 Ill. App. 3d at 373.) In this case, because *Lockett* is to be applied retroactively and plaintiff's complaint failed to name the Director of the Department of Employment Security, a necessary party to the circuit court proceedings, the circuit court lacked jurisdiction over the complaint for administrative review. Accordingly, I would reverse the judgment of the circuit court on this basis and reinstate the decision of the Board of Review.

I express no opinion on the propriety of the remainder of the majority's opinion.