HELEN SHAW, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, Defendant-Appellee.—JANICE CAMP, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, Defendant-Appellee.

Third District   Nos. 3—92—0549, 3—92—0550 cons.

Opinion filed April 21, 1993.

Capps, Ancelet & Stoverink, of Carthage (Rodney G. Clark, of counsel), for appellants.

Roland W. Burris, Attorney General, of Springfield (Alison E. O'Hara, Assistant Attorney General, of Chicago, of counsel), for appellee.

JUSTICE LYTTON delivered the opinion of the court:

This consolidated appeal involves two cases challenging decisions of the Board of Review of the Illinois Department of Employment Security (Board), which upheld referees' decisions denying unemployment insurance benefits to plaintiffs Helen Shaw (Shaw) and Janice Camp (Camp). In filing suit, each plaintiff named as a defendant the "Department of Employment Security, State of Illinois" (Department) but failed to name the Department's Director or the Board of Review. The circuit court dismissed the cases for plaintiffs' failure to name a necessary party, and the plaintiffs appealed. We affirm.

On March 11, 1992, the Board of Review of the Illinois Department of Employment Security issued a final decision affirming a referee's decision which denied unemployment insurance benefits to Helen Shaw. On March 27, 1992, the Board issued a similar decision affirming the denial of benefits to Janice Camp.

On March 23, 1992, Shaw filed a complaint in the circuit court of Hancock County, seeking administrative review of the Board's decision. Likewise, on March 27, 1992, Camp filed suit in the same court, seeking administrative review. Both complaints named as defendant the "Department of Employment Security, State of Illinois." Neither complaint named the Department's Director or the Board of Review

as defendants and neither plaintiff served the Director or the Board with summons.

On April 23 and 27, 1992, the Department filed motions to dismiss the two complaints. The Department alleged that both plaintiffs had failed to name the Board as a defendant and failed to serve the Board. The Department alleged that since the Board had issued the decisions which were being appealed, the Board was a necessary party in each case. Under the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*), the Department asserted that the plaintiffs were required to name the Board as a party and cause summons to issue within 35 days from the date the Board served its decision. The Department also asserted that the Director was a necessary party which the plaintiffs had failed to name and serve.

On June 1, 1992, each defendant responded by filing a motion to amend complaint and add additional parties. Each plaintiff also submitted a brief in support of her motion.

On July 1, 1992, the circuit court granted the Department's motion to dismiss and denied plaintiffs' motions to amend. Shaw and Camp then filed timely notices of appeal, and their cases were consolidated for purposes of this appeal.

The Unemployment Insurance Act provides that a decision of the Board of Review shall be reviewable only under and in accordance with the Administrative Review Law. (Ill. Rev. Stat. 1991, ch. 48, par. 520.) The Administrative Review Law requires that every action to review a final administrative decision be commenced by the filing of a complaint and the issuance of summons within 35 days from the date a copy of the decision sought to be reviewed was served upon the party affected thereby. (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) Unless review is sought within the time and manner provided within the Administrative Review Law, the parties shall be barred from obtaining judicial review of such administrative decision. Ill. Rev. Stat. 1991, ch. 110, par. 3—102.

"[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties *** before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a).) "Administrative agency" is defined as the "person, body of persons, group, officer, board, bureau, commission or department of the state *** having power under law to make administrative decisions." (Ill. Rev. Stat. 1991, ch. 110, par. 3—101.) Within the context of this case, the entity with power to make the administrative decision was the Board of Review of the Illinois Department of Employment Security

(Ill. Rev. Stat. 1991, ch. 48, par. 473), and it was the Board that issued the final decision from which Shaw and Camp sought administrative review. In seeking review of the Board's final decisions in their respective cases, however, neither plaintiff named the Board as a defendant.

Nevertheless, Shaw and Camp assert that the circuit court erred in dismissing their complaints. First, the plaintiffs argue that they were not required to name the Director of the Department as a party. Second, the plaintiffs contend that they should have been allowed to amend their complaints to add any necessary parties. Third, plaintiffs assert that they acted in good faith and gave the defense ample time and notice to respond. After reviewing each of these issues, we affirm the decision of the circuit court.

Initially, Shaw and Camp assert that the Director of the Department of Employment Security was not a necessary party, and, therefore, failure to name and serve the Director was not fatal to plaintiffs' complaints. We agree.

■ In *Stone v. Department of Employment Security Board of Review* (1991), 213 Ill. App. 3d 739, 572 N.E.2d 412, the Second District Appellate Court considered this precise issue. In *Stone*, the plaintiff failed to name the Director of the Department as a defendant in the administrative review case filed in circuit court. The appellate court held, however, that this failure did not deprive the circuit court of jurisdiction. While a plaintiff seeking administrative review is required to name as defendants all "parties of record to the proceedings before the administrative agency" (Ill. Rev. Stat. 1991, ch. 110, par. 3—107), and the Director is deemed a party to any "judicial action" involving a Board decision (Ill. Rev. Stat. 1991, ch. 48, par. 520), the statutes do not state that the Director is a party to the Board's administrative action. Thus, a defendant seeking review of a Board decision is not required to name the Director as a defendant. *Stone*, 213 Ill. App. 3d at 742.

While conceding that they failed to name the Board of Review in their complaint and that the Board is a necessary party, the plaintiffs assert that the circuit court erred in denying their motions to amend their complaints and add the Board as a defendant. Under existing case law, we are compelled to affirm the circuit court's decision.

In *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, the Illinois Supreme Court considered the issue of whether plaintiffs seeking administrative review could amend their complaints and add a necessary party after the 35-day statutory period for the filing of a complaint. Noting that the filing of the com-

plaint is a jurisdictional requirement under section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—103), the court concluded:

> "Since the Administrative Review Law is a departure from common law, the procedures it establishes must be strictly adhered to in order to justify its application. *Winston v. Zoning Board of Appeals* (1951), 407 Ill. 588[, 95 N.E.2d 864].
>
> * * *
>
> The board contends that the circuit court properly denied [plaintiff] leave to amend his complaint. It argues that the Administrative Review Law requires that all parties to the administrative proceeding be made defendants and that summons issue within 35 days from the date that a copy of the administrative decision was served upon the party seeking review. Since [plaintiff] failed to name the [necessary party] as defendant and issue summons on him within the 35-day period, his action for administrative review was barred. We agree." *Lockett*, 133 Ill. 2d at 353-54.

Notwithstanding the *Lockett* decision, Shaw and Camp argue that they were entitled to amend their complaints to add the Board even after the 35-day period. First, plaintiffs argue that the *Lockett* decision focused solely upon section 3—107 of the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—107). Plaintiffs argue that the supreme court failed to address or consider the significance of other applicable statutory provisions. Section 1—108 of the Code of Civil Procedure (Code) indicates that, except as otherwise provided, the Code applies to proceedings under the Administrative Review Law. (Ill. Rev. Stat. 1991, ch. 110, par. 1—108.) Section 2—616 of the Code, in turn, provides that in certain situations, a plaintiff may amend his complaint to name additional parties after the time has lapsed for bringing an action or asserting a right. (Ill. Rev. Stat. 1991, ch. 110, par. 2—616.) Plaintiffs argue that under section 2—616, the circuit court should have allowed them to amend their complaints after the time period for filing a complaint had elapsed. Further, section 1—106 of the Code provides:

> "This Act shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties. The rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to rules made in relation thereto." (Ill. Rev. Stat. 1991, ch. 110, par. 1—106.)

Nothing in the Administrative Review Law explicitly prohibits the amending of a complaint or the adding of additional parties after the 35-day period. Moreover, the Administrative Review Law is contained within the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, pars. 1—101(c), 3—101 *et seq.*).

In *Bradshaw v. Barnes* (1986), 145 Ill. App. 3d 866, 496 N.E.2d 276, the Fourth District Appellate Court adopted a position similar to that now advanced by Shaw and Camp, *i.e.*, that section 2—616 of the Code authorizes the amending of administrative review complaints after the 35-day period to add necessary parties.

■ We are not unsympathetic to plaintiffs' position in this case. However, in *Lockett*, the supreme court stated, "We are aware that the appellate court has held a failure to name and issue summons against necessary parties within the 35-day limit can be cured by subsequent amendment." (*Lockett*, 133 Ill. 2d at 356.) Then, citing *Bradshaw* and another case, the supreme court stated, "To the extent those cases conflict with our holding today, they are overruled." (*Lockett*, 133 Ill. 2d at 356.) It is clear that the supreme court considered the significance of section 2—616 of the Code and that the court rejected the position now advanced by Shaw and Camp.

Finally, the plaintiffs argue that they should be allowed to amend their complaint because they acted in good faith. Plaintiffs misconstrue the "good-faith" discussion within *Lockett*, where the supreme court noted the distinction between the timely filing of a complaint and the timely issuance of the summons. The court stated that the latter is "mandatory" while the former is "jurisdictional." (*Lockett*, 133 Ill. 2d at 354-55.) Thus, even where the summons is not issued within the prescribed 35 days, the court indicated that the case need not be dismissed if the plaintiffs acted in good faith in seeking the timely issuance of summons. (*Lockett*, 133 Ill. 2d at 355.) Since the issue in the case is whether the plaintiffs filed their complaints against all the necessary parties within the 35-day period, plaintiffs' assertions of good faith cannot cure the jurisdictional defects.

Accordingly, the judgment of the circuit court of Hancock County is affirmed.

Affirmed.

McCUSKEY, P.J., and BARRY, J., concur.