LYNNE A. SCHWARTZ, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY et al., Defendants-Appellees.

Second District   No. 2—96—0244

Opinion filed December 12, 1996.

James L. Reichardt, of Villa Park, for appellant.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, Morton E. Friedman and Huma A. Khan, Assistant Attorneys General, of counsel), for appellees.

JUSTICE BOWMAN delivered the opinion of the court:

Plaintiff, Lynne Schwartz, appeals the circuit court's order dismissing her complaint for administrative review of the decision of defendant, the Illinois Department of Employment Security (IDES). Plaintiff contends that the court erred in determining that her employer, Du Page Public Safety Communications (Du Page), was a necessary party.

Plaintiff worked as an operations manager for Du Page for approximately 11 years until Du Page terminated her on August 29, 1994. Plaintiff applied for unemployment benefits. Du Page opposed her application on the ground that plaintiff had committed intentional misconduct. The IDES referee agreed with Du Page and denied benefits. The Board of Review affirmed the referee's decision. The Board of Review's decision listed plaintiff as claimant and Du Page as respondent. The Board of Review mailed copies of its decision to plaintiff and Du Page.

Plaintiff filed a complaint for administrative review in the circuit court, naming as defendants IDES, the Director of IDES, and the Board of Review. Du Page was not named in the complaint or served with a summons.

Defendants moved to dismiss the complaint for lack of subject matter jurisdiction. They asserted that Du Page, as a party to the proceeding before the Board of Review, had to be named as a defendant and served with summons for the court to acquire jurisdiction. The circuit court dismissed the action and plaintiff filed a timely notice of appeal.

Plaintiff contends that she was not required to name Du Page as a defendant in the administrative review complaint. Plaintiff's argument is as follows. The Administrative Review Law (the Act) requires that "all persons, other than the plaintiff, who were *** parties of record" to the agency proceedings "shall be made defendants." 735

ILCS 5/3—107(a) (West 1994). Because the Act does not define "person," the word must be given its plain and ordinary meaning. Plaintiff quotes a dictionary definition of "person" as "a living human being." Because Du Page is not a living human being, but is some unspecified type of business entity, it did not have to be made a party to the administrative review action.

■ The Unemployment Insurance Act provides that decisions of the Board of Review must be reviewed pursuant to the Act. 820 ILCS 405/1100 (West 1994). Because the Act is a departure from the common law, its procedures must be strictly followed to obtain judicial review. *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210 (1985).

■ As noted, section 3—107 of the Act requires that all "persons" who were parties of record to the administrative proceedings be named as defendants and served with summons in an administrative review action. 735 ILCS 5/3—107 (West 1994). Courts have repeatedly held that the failure to comply with this section mandates dismissal of the action. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 354 (1990); *Board of Education of Bethany Community Unit School District No. 301 v. Regional Board of School Trustees of Clark, Coles, Cumberland, Edgar, Moultrie & Shelby Counties*, 255 Ill. App. 3d 763, 765-66 (1994).

■ When interpreting a statute, we are bound by the principles of statutory construction. We agree with plaintiff that when a word in a statute is not defined, it should be given its plain and ordinary meaning. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 111 (1993). Plaintiff argues that the plain meaning of "person" is a living human being. However, we note that another dictionary definition of "person" is "one (as a human being, a partnership, or a corporation) that is recognized by law as the subject of rights and duties." Webster's Ninth New Collegiate Dictionary 877 (1990). Thus, applying the dictionary definitions of "person" does not lead inexorably to the conclusion that the legislature intended to exclude corporations and partnerships from being named as parties to administrative review actions.

Furthermore, another principle of statutory construction is that a statute should be construed whenever possible to avoid absurdity, inconvenience, or injustice. *Collins*, 155 Ill. 2d at 111. Plaintiff's proposed construction of section 3—107 would certainly lead to absurd consequences: an individual employer would be entitled to an opportunity to appear before the circuit court and contest the employee's claim to benefits, but a corporate or partnership employer would not. Such a construction is not only absurd, but also would

likely violate the due process and equal protection rights of corporate and partnership employers. We decline to adopt such a construction.

Although it appears that no Illinois court has considered this specific issue, decisions in slightly different factual contexts lend support to our conclusion. In *Board of Education of Bethany Community Unit School District No. 301 v. Regional Board of School Trustees of Clark, Coles, Cumberland, Edgar, Moultrie & Shelby Counties*, 255 Ill. App. 3d 763 (1994), the court held that plaintiff's administrative review complaint should have been dismissed for failing to name the Sullivan School District as a defendant. The court did not specifically consider the definition of "person" in section 3—107. However, the court held that the Sullivan School District should have been named a defendant. Clearly, the Sullivan School District is not a living human being.

In *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1 (1995), plaintiff Barnes filed a petition for administrative review of the dismissal of her charge against her employer, Central Illinois Light Company. The petition failed to name her employer as a defendant. The supreme court held that this failure mandated the dismissal of the review proceeding. *McGaughy*, 165 Ill. 2d at 12. We are aware that *McGaughy* was decided under Supreme Court Rule 335(a), providing for direct review of administrative agency orders in the appellate court. The rule requires that "all other parties of record shall be named respondents." 155 Ill. 2d R. 335(a). However, the supreme court stated that the joinder requirements of section 3—107 and Rule 335(a) are "substantively similar." The court went on to say:

> "There is nothing in the plain language of the statute or the rule that would justify the development of two divergent procedural standards for the review of administrative matters, and we do not believe that the meanings of these similar requirements should vary, depending on whether the destination of the case is the circuit court or the appellate court." *McGaughy*, 165 Ill. 2d at 13.

*McGaughy* strongly intimates that the supreme court views "persons *** who were *** parties of record" as used in section 3—107 as the functional equivalent of "parties of record" as used in Rule 335(a). Since "parties of record" would clearly include all parties, regardless of their corporate form, the same should be true of section 3—107 as well.

Plaintiff contends in her reply brief that it would be an "injustice" to deprive her of her day in court because of "legal technicalities." However, we are bound by those decisions that have repeatedly held that the requirements of section 3—107 are mandatory. Plaintiff does not cite any authority holding that an equitable exception to section

3—107 may excuse strict compliance with its requirements. See *Shaw v. Department of Employment Security*, 243 Ill. App. 3d 844, 849 (1993) ("plaintiffs' assertions of good faith cannot cure the jurisdictional defects").

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

McLAREN, P.J., and THOMAS, J., concur.