COLIN STRANG, Plaintiff-Appellee, v. THE DEPARTMENT OF TRANS-PORTATION *et al.*, Defendants-Appellants.

Fourth District   No. 4—90—0135

Opinion filed December 12, 1990.

Neil F. Hartigan, Attorney General, of Springfield (Robert J. Ruiz, Solicitor General, and Robert G. Toews, Assistant Attorney General, of Chicago, of counsel), for appellants.

Thomas R. Appleton and Elizabeth W. Anderson, both of Morse, Giganti & Appleton, of Springfield, for appellee.

PRESIDING JUSTICE LUND delivered the opinion of the court:

The Illinois Department of Transportation (IDOT), the Board of Review of the Illinois Department of Employment Security (Department), and Sally A. Jackson, Director of the Illinois Department of Employment Security (defendants), appeal from the order of the circuit court of Sangamon County reversing defendants' decision to deny Colin Strang (plaintiff) unemployment benefits. We reverse the order of the circuit court and reinstate the decision of the Board of Review.

Plaintiff was employed by IDOT from June 1981 through December 1987 as a civil engineer. On March 14, 1988, plaintiff submitted an application for unemployment insurance to the Department. Plaintiff's application stated that he decided to leave his job with IDOT on December 24, 1987, to take a job in California. On that day, he notified his supervisor by telephone that he would not be returning to work. Although plaintiff told his supervisor that he was dissatisfied

with the ratings he received in his employee evaluation, he contends that his decision to quit his job was in fact a product of mental illness.

Shortly after the plaintiff submitted his application, IDOT notified the Department that plaintiff was ineligible for benefits because he had voluntarily left his job. The matter proceeded to a Department claims adjudicator. After reviewing the evidence submitted by the plaintiff, the claims adjudicator determined that plaintiff was ineligible for benefits because he left work voluntarily without good cause attributable to his employer. Plaintiff filed an application for reconsideration of the adjudicator's decision. On reconsideration, the decision was affirmed. Plaintiff then filed a departmental appeal. A Department hearing referee affirmed the decision of the claims adjudicator. Plaintiff appealed the hearing referee's decision to the Department's Board of Review. On July 19, 1988, the Board of Review affirmed the findings of fact and the decision of the referee.

Plaintiff filed a complaint for administrative review in the circuit court of Sangamon County on August 22, 1988. The complaint named the "State of Illinois, Department of Employment Security" as the only defendant. Plaintiff also served the complaint on the "Illinois Department of Employment Security." The Department entered an appearance on September 6, 1988, by its attorneys from the Illinois Attorney General's office and filed a motion to dismiss plaintiff's complaint for lack of jurisdiction. The motion stated that plaintiff's failure to name and serve the Board of Review, the Director of the Department, and IDOT as party defendants within 35 days of the Board of Review's decision rendered plaintiff's complaint fatally defective. On March 23, 1989, more than eight months after the Board of Review had issued its final administrative decision, plaintiff filed an amended complaint naming the Board of Review, the Director of the Department, and IDOT as defendants.

The court entered an order on January 5, 1990, reversing the Board of Review's decision to deny the plaintiff unemployment compensation. The court found that plaintiff's mental illness rendered him incapable of voluntarily leaving his employment for purposes of section 601 of the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 431).

Defendants appeal, contending that the circuit court lacked subject-matter jurisdiction over plaintiff's complaint for administrative review because plaintiff failed to name and serve the necessary parties within 35 days of the final administrative decision. As the plaintiff's failure to name the necessary parties in a timely manner was sufficient to deprive the court of subject-matter jurisdiction, we need

not address the effect of plaintiff's failure to issue summons within the statutory time frame.

● 1, 2 Section 1100 of the Act provides that the Administrative Review Law (Ill. Rev. Stat. 1987, ch. 110, par. 3—101 *et seq.*) "shall apply to and govern all proceedings for the judicial review of final administrative decisions of the Director or Board of Review." (Ill. Rev. Stat. 1987, ch. 48, par. 520.) Section 3—103 of the Administrative Review Law in turn provides that "[e]very action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1987, ch. 110, par. 3—103.) Section 3—107 of the Administrative Review Law prescribes who must be named and served in an action for administrative review:

> "In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." Ill. Rev. Stat. 1987, ch. 110, par. 3—107.

The Illinois Supreme Court's recent decision in *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, provides the controlling interpretation of the foregoing provisions of the Administrative Review Law. In *Lockett*, Stafford E. Lockett III was discharged from his position as a Chicago police officer by the police board. Lockett filed a petition for administrative review pursuant to the Administrative Review Law within 35 days of the board's decision. He named and served the board and its individual members as defendants. The board subsequently filed a motion to dismiss Lockett's complaint, alleging that the superintendent was a necessary party to the administrative review action and that Lockett's failure to name him in his complaint was a fatal defect.

The circuit court found that Lockett's failure to name the superintendent as a defendant in the administrative review action deprived the court of jurisdiction. Accordingly, the court dismissed Lockett's complaint without granting leave to amend. The appellate court determined that the superintendent was not a necessary party and reversed the judgment of the circuit court. *Lockett v. Chicago Police Board* (1988), 176 Ill. App. 3d 792, 531 N.E.2d 837.

The Illinois Supreme Court reversed the decision of the appellate court. In its decision, the supreme court first determined that the appellate court's conclusion that the superintendent was not a necessary party "ignores the clear and unambiguous language of [section 3—

107], which requires that 'all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency *shall be made defendants.*' " (Emphasis in original.) (*Lockett,* 133 Ill. 2d at 354, 549 N.E.2d at 1268.) The court then concluded that the circuit court properly denied Lockett leave to amend his complaint:

> "As noted previously, section 3—103 of the act provides that an action to review an administrative decision shall be commenced 'by the filing of a complaint *and* the issuance of summons *within 35 days*' of receipt of the decision being appealed. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) The requirement that a complaint be filed within the 35-day limit is jurisdictional; if a complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review of the administrative decision is barred." *Lockett,* 133 Ill. 2d at 354-55, 549 N.E.2d at 1268.

●3 In reaching its decision, the *Lockett* court expressly overruled the decisions of several appellate districts which held that the failure to name necessary parties within the 35-day time limit may be cured by subsequent amendment. (*Lockett,* 133 Ill. 2d at 356, 549 N.E.2d at 1269.) Among the decisions expressly overruled by *Lockett* is this court's opinion in *Bradshaw v. Barnes* (1986), 145 Ill. App. 3d 866, 496 N.E.2d 276.

Plaintiff concedes that *Lockett* is factually similar to this case and does not dispute the defendants' contention that the Board of Review, the Director of the Department, and IDOT are necessary parties to the instant proceeding. Plaintiff merely contends that *Lockett,* which was decided almost one year after the plaintiff was granted leave to amend his complaint, cannot be applied retroactively to bar administrative review in this case. We disagree.

●4 Historically, overruling decisions have been given retroactive effect. In *People v. Laws* (1981), 84 Ill. 2d 493, 419 N.E.2d 1150, the Illinois Supreme Court described the principle of retroactive application and explained that the United States Supreme Court did not recognize a State court's power to apply its decisions prospectively only until 1932:

> "At common law there was no authority to support the proposition that judicial decisions were to be applied prospectively only. Under what has come to be known as Blackstonian reasoning, the courts did not pronounce or make new law, but rather declared or discovered existing law. [Citations.] However, in *Great Northern R.R. Co. v. Sunburst Oil*

*& Refining Co.* (1932), 287 U.S. 358, 77 L. Ed. 360, 53 S. Ct. 145, it was held that a State court, in defining the limits of adherence to precedent, may make a choice for itself between prospective and retroactive application of its decision." (*Laws*, 84 Ill. 2d at 498, 419 N.E.2d at 1153.)

*Laws* suggests that an overruling decision is presumed to have retroactive effect in the absence of an express statement to the contrary. Because *Lockett* is silent as to the scope of its application, we must presume that it is to be retroactively applied.

■ Plaintiff contends that the equities of this case counsel in favor of prospective-only application of *Lockett*. However, the Illinois Supreme Court has consistently stated that it is within the inherent power of the highest court of this State to give a decision prospective or retroactive application. (*Castaneda v. Illinois Human Rights Comm'n* (1989), 132 Ill. 2d 304, 328-29, 547 N.E.2d 437, 448; *Board of Commissioners v. County of Du Page* (1984), 103 Ill. 2d 422, 426, 469 N.E.2d 1370, 1372; *Molitor v. Kaneland Community Unit District No. 302* (1959), 18 Ill. 2d 11, 28, 163 N.E.2d 89, 97.) We do not have the authority to determine the effect of an overruling decision.

The highest court of this State has not mandated that *Lockett* is to be applied prospectively only. For this reason, we must apply *Lockett* retroactively and conclude that the circuit court lacked jurisdiction to review the Department's decision to deny the plaintiff unemployment benefits. Accordingly, we reverse the order of the circuit court and reinstate the decision of the Board of Review.

Reversed; decision of Board of Review reinstated.

SPITZ and McCULLOUGH, JJ., concur.