ASSOCIATED GENERAL CONTRACTORS OF ILLINOIS, Plaintiff-Appellant, v. SHINAE CHUN, Director of the Department of Labor, *et al.*, Defendants-Appellees.

Fourth District No. 4—92—0971

Argued May 19, 1993.—Opinion filed June 10, 1993.

Andrew J. Martone (argued), of Husch & Eppenberger, of St. Louis, Missouri, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Robert G. Toews, Assistant Attorney General (argued), of Chicago, of counsel), for appellee Shinae Chun.

PRESIDING JUSTICE STEIGMANN delivered the opinion of the court:

In June 1992, plaintiff, Associated General Contractors of Illinois, filed a complaint seeking administrative review of wage-rate determinations made by the Illinois Department of Labor (Department). In September defendant Shinae Chun brought a motion to dismiss plain-

tiff's complaint on the ground that it failed to name the Department as a defendant, as required by section 3—107(a) of the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a)). The circuit court granted defendant Chun's motion. Plaintiff appeals, and we affirm.

## I. BACKGROUND

In November 1991, the Department issued prevailing wage rates for carpenter work performed in Illinois highway district No. 7 (covering 14 southern Illinois counties) that became effective December 1, 1991. Plaintiff objected to those rate determinations, and in January and March 1992, the Department held a hearing on plaintiff's objections. On May 14, 1992, the Department's hearing examiner issued written findings of fact and law that upheld the wage rates at issue and denied plaintiff's objections.

On June 17, 1992, plaintiff filed a complaint for administrative review of the Department's decision. In the complaint, plaintiff named the following parties as defendants and served summons on each of these parties: Shinae Chun, as Director of the Department, the Southern Illinois District Council of Carpenters, and the Mid-Central Illinois District Council of Carpenters.

On July 21, 1992, Chun filed her answer, which included the record of administrative proceedings before the Department. On September 8, 1992, Chun filed a motion to dismiss plaintiff's complaint on the ground that plaintiff did not make the Department a defendant in the action as required by section 3—107(a) of the Administrative Review Law. (Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a).) Chun further argued that plaintiff's failure to make the Department a party within the 35-day filing period required by section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—103) constituted a jurisdictional defect that deprived the court of jurisdiction under the Administrative Review Law. On September 24, 1992, plaintiff filed a motion to amend its complaint under section 2—616(d) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d)) seeking to "re-name" the first party defendant as the Department instead of Chun, Director of the Department.

The circuit court held a hearing on Chun's motion to dismiss and plaintiff's motion to amend and, in November 1992, granted the motion to dismiss and denied the motion to amend. In its November 1992 order, the court explained its decision as follows:

"The Plaintiff urges that it should be allowed to correct a misnomer of party pursuant to Section 2—616(d) of the [Code].

Defendant Chun contends that this is not a misnomer case[,] but instead is an attempt to add a different and additional party after the 35-day filing period has run.

The Court finds that Director Chun and the Department are two separate and distinct entities and that the Department was not named within the 35-day filing period. This is not a case of misnomer. This case is controlled by *Strang v. Department of Transportation* (4th Dist. 1990), 206 Ill. App. 3d 368[, 564 N.E.2d 261], and *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349[, 549 N.E.2d 1266], which prohibit the naming of additional parties after the 35-day period.

Defendant Chun is not a proper party because the administrative decision appealed from was not made by her as director[,] but was made by the agency which is the unnamed party."

## II. ANALYSIS

Plaintiff argues that the circuit court abused its discretion by granting defendant Chun's motion to dismiss instead of granting its motion to amend its complaint by changing the designation "Shinae Chun, Director of the Department of Labor" to the "Illinois Department of Labor." Plaintiff contends that section 2—616 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—616), dealing with amendments to pleadings, applies to this case. Plaintiff maintains that an application of the four-part test provided in *Loyola Academy v. S & S Roof Maintenance, Inc.* (1992), 146 Ill. 2d 263, 276, 586 N.E.2d 1211, 1217, clearly demonstrates that the circuit court abused its discretion by denying its motion. Plaintiff argues that because its amendment meets the requirements of section 2—616(d) of the Code, the circuit court erred in not allowing plaintiff to amend its complaint as requested.

In response, Chun argues that under the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*), the Department was a necessary party to this action, and under *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, plaintiff's failure to name the Department as a defendant within the 35-day time period denied the circuit court subject-matter jurisdiction. Chun also contends that plaintiff's obligation to name the Department as a party defendant within the 35-day time period was a nonwaivable requirement. We agree and affirm the circuit court's dismissal of plaintiff's complaint without allowing plaintiff to amend its complaint.

■ The provisions of the Administrative Review Law govern judicial review of the Department's administrative decisions under the

Prevailing Wage Act. (Ill. Rev. Stat. 1991, ch. 48, par. 39s—9.) Section 3—107(a) of the Code discusses naming defendants when a party appeals a final administrative agency decision, as follows:

"[I]n any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency *shall be made defendants.*" (Emphasis added.) Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a).

In *Lockett*, the Illinois Supreme Court stated the following regarding the Administrative Review Law:

"Section 3—102 provides that '[u]nless review is sought *** *within the time and in the manner herein provided,*' a party is barred from bringing an action for administrative review. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 3—102.) Since the Administrative Review Law is a departure from common law, the procedures it establishes must be strictly adhered to in order to justify its application. [Citation.]

\* \* \*

As noted previously, section 3—103 of the [Code] provides that an action to review an administrative decision shall be commenced 'by the filing of a complaint *and* the issuance of a summons *within 35 days*' of receipt of the decision being appealed. (Emphasis added.) (Ill. Rev. Stat. 1985, ch. 110, par. 3—103.) The requirement that a complaint be filed within the 35-day limit is jurisdictional; if a complaint is not timely filed, no jurisdiction is conferred on the circuit court and judicial review of the administrative decision is barred. [Citation.] The 35-day period for the issuance of summons, on the other hand, is mandatory, not jurisdictional, and failure to comply with that requirement will not deprive the court of jurisdiction." (*Lockett*, 133 Ill. 2d at 353-55, 549 N.E.2d at 1267-68.)

The court further noted that the requirement in section 3—107 of the Administrative Review Law (Ill. Rev. Stat. 1991, ch. 110, par. 3—107) that all parties of record before the administrative agency be made defendants "is mandatory and specific, and admits of no modification." (*Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268.) The court also explicitly overruled prior appellate decisions which held that the failure to name and issue summons to necessary parties within the 35-day time period could be cured by subsequent amendment. (*Lockett*, 133 Ill. 2d at 356, 549 N.E.2d at 1269.) In *Strang v. Department of*

*Transportation* (1990), 206 Ill. App. 3d 368, 371-73, 564 N.E.2d 261, 263-65, this court followed and applied the *Lockett* decision.

█ Plaintiff attempts to distinguish *Lockett* and *Strang* by stating that in both of these cases, the plaintiff seeking administrative review "completely omitted necessary parties to the litigation, which *** could generally not be cured by amendment to add absent parties pursuant to Ill. Rev. Stat. [1991,] ch. 110, par. 2—616." Plaintiff then asserts that here its motion to amend its complaint merely seeks to change the designation of one of the named defendants, not to add an additional defendant. Citing *Fleshner v. Copeland* (1958), 13 Ill. 2d 72, 76-77, 147 N.E.2d 329, 332, plaintiff contends that because it named the Department in the body of the complaint, it has properly made the Department a party defendant even though it did not name the Department in the caption. We find plaintiff's claimed distinctions unpersuasive.

A plaintiff *must* name the necessary parties as defendants in its complaint for administrative review within the 35-day time limit or the court is deprived of subject-matter jurisdiction. (*Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1267; *Strang*, 206 Ill. App. 3d at 370-71, 564 N.E.2d at 263.) Further, we must *strictly* adhere to the provisions of the Administrative Review Law. (*Stanley v. Department of Employment Security* (1992), 235 Ill. App. 3d 992, 995, 602 N.E.2d 73, 74; see also *Stone v. Department of Employment Security Board of Review* (1992), 151 Ill. 2d 257, 267, 602 N.E.2d 808, 812.) *Fleshner* does not apply to this case because the provisions of the Administrative Review Law govern our decision, and section 3—107(a) of the Administrative Review Law requires a plaintiff to correctly name all necessary party defendants in the caption of its complaint when seeking administrative review.

Plaintiff does not contest that the Department is a necessary party. (See Ill. Rev. Stat. 1991, ch. 110, par. 3—107; *Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268.) The Department was the administrative agency in this case that rendered the decision on which plaintiff sought administrative review; accordingly, the caption of plaintiff's complaint had to name the Department as a party defendant within the 35-day time limit of section 3—103 of the Administrative Review Law. Because plaintiff's initial complaint failed to do so, and because plaintiff's motion to amend was filed over two months after the 35-day time period had expired, the circuit court lacked subject-matter jurisdiction over plaintiff's complaint.

Plaintiff contends that the conduct of Director Chun and the Department indicates that the Department essentially acted as a party

defendant. Plaintiff thus argues that this conduct estops Chun and the Department from challenging plaintiff's pleadings. In particular, plaintiff points out that (1) Chun filed with her answer the record of the proceedings of the underlying action held before the Department, (2) the Department declined to review plaintiff's objections to later prevailing wage-rate determinations in July 1992 because the Department stated that it was a party to this action, and (3) the Illinois Attorney General has appeared in this case on Chun's behalf. Plaintiff claims that under section 3—108 of the Administrative Review Law, only the administrative agency at issue can file a record of proceedings (Ill. Rev. Stat. 1991, ch. 110, par. 3—108), and that the Attorney General is authorized to represent only the Department in actions under the Prevailing Wage Act, not Chun (see Ill. Rev. Stat. 1991, ch. 48, par. 39s—9).

Although plaintiff's arguments could help it obtain relief under section 2—616(d) of the Code (see Ill. Rev. Stat. 1991, ch. 110, par. 2—616(d); *Loyola Academy*, 146 Ill. 2d at 273, 586 N.E.2d at 1215), they do not bring plaintiff's requested review " *'within the time and in the manner'* " provided in the Administrative Review Law (emphasis in original) (*Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1267, quoting Ill. Rev. Stat. 1985, ch. 110, par. 3—107). Plaintiff must strictly meet the formal requirement of correctly naming the necessary party defendants in the caption of its complaint when seeking administrative review. These equitable arguments cannot overcome the plaintiff's failure to specifically name the Department within the 35-day time limit, as required by the Administrative Review Law.

Plaintiff similarly argues that Chun, as Director of the Department, and the Department are essentially the same party; therefore, plaintiff claims that its naming Chun as a defendant amounts to naming the Department as a defendant. Because section 3—101 of the Administrative Review Law defines an "administrative agency" as "a person *** or department *** of the State" (Ill. Rev. Stat. 1991, ch. 110, par. 3—101), plaintiff claims that the Director of the Department can be the equivalent of the Department. Plaintiff also asserts that because Chun is the Director of the Department, she is the final decision-making authority in the Department, which then makes her the equivalent of the Department.

Appellate court decisions have looked at a Director's function and responsibility in the decision-making process to determine whether the Director was a necessary party to a complaint seeking review of a final administrative decision. (See *Pontiac Lodge No. 294 v. Department of Revenue* (1993), 243 Ill. App. 3d 186, 188, 611 N.E.2d 62, 63-

64 (Director was not necessary party because the Director was merely approving agency's recommendation); *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 968-72, 574 N.E.2d 747, 752-54 (Director was a necessary party because Director was the final decision maker under agency's rules).) However, in this case, plaintiff named the Director a defendant. Thus, no issue arises here whether plaintiff had to name her as a defendant.

Under section 3—107(a) of the Administrative Review Law, no question exists that the administrative agency which rendered the final decision at issue must be a named defendant. (Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a).) Under *Pontiac Lodge No. 294* and *Zientara*, an administrative agency and the agency's director are considered separate and distinct entities in the context of being necessary defendants under the Administrative Review Law. Thus, Chun's level of decision-making authority as Director of the Department does not make her an equivalent to the Department. We agree with the trial court that Director Chun and the Department are separate and distinct entities.

### III. Conclusion

In summary, we find that plaintiff's failure to specifically name the Department as a defendant in the caption of its complaint within the 35-day time period as set out in the Administrative Review Law deprived the circuit court of jurisdiction over its complaint. Although we acknowledge that this result may be harsh, we hold that it is required by the statutory language of the Administrative Review Law and the supreme court's interpretation of the Administrative Review Law in *Lockett*. We also note that section 2—616 of the Civil Practice Law (Ill. Rev. Stat. 1991, ch. 110, par. 2—616) is not wholly inapplicable to complaints seeking review of a final administrative decision under the Administrative Review Law. If plaintiff seeks to amend the complaint for administrative review by adding a necessary party defendant, a plaintiff must file its motion to amend under section 2—616 of the Civil Practice Law within the 35-day period established in section 3—103 of the Administrative Review Law.

For the reasons stated, we affirm the circuit court's decision to grant Chun's motion to dismiss plaintiff's complaint.

Affirmed.

McCULLOUGH and KNECHT, JJ., concur.