KENNEY COUNTRY LOUNGE AND CAFE, INC., d/b/a Kenney Country Lounge and Cafe, Plaintiff-Appellant, v. ILLINOIS LIQUOR CONTROL COMMISSION, Defendant-Appellee (The Village of Kenney, Intervenor-Appellee).

Fourth District   No. 4—93—0196

Opinion filed December 9, 1993.

Elmer C. Hawkins, of Brown, Hawkins, Basola & Mattingley, of Decatur, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Brian F. Barov, Assistant Attorney General, of Chicago, of counsel), for appellee Illinois Liquor Control Commission.

Edward W. Huntley, of Huntley & Giganti, of Springfield, for appellee Village Of Kenney.

JUSTICE COOK delivered the opinion of the court:

On April 19, 1992, the Liquor Control Commissioner (Local Commissioner) for the Village of Kenney revoked the liquor license of plaintiff-appellant Kenney Country Lounge and Cafe, Inc. (Country Lounge). Country Lounge filed a notice of appeal of the Local Commissioner's decision with the Illinois Liquor Control Commission (Commission) in which it named "The Village of Kenney" (Village) as appellee. A certificate of service attached to the notice of appeal shows service on "Mike Mathias, Liquor Control Commissioner, Village of Kenney, Kenney, Illinois 61749." At the ensuing hearing, the Village of Kenney was represented by its attorney. The Local Commissioner did not participate. On August 5, 1992, the Commission entered an order affirming the Local Commissioner's decision. Country

Lounge filed a petition for rehearing with the Commission, which was denied on September 15.

Country Lounge filed a complaint for administrative review in the circuit court of Sangamon County on October 16, 1992. In its complaint, Country Lounge named only the Commission as a defendant, and asked for service only upon the Commission. However, the Village, through its attorney, entered its appearance. Subsequently, the Commission filed a motion to dismiss, asserting that Country Lounge's complaint failed to name all necessary parties as defendants. The motion to dismiss was granted and Country Lounge appealed. We affirm.

■■ Administrative decisions of the Commission are subject to judicial review under the provisions of the Administrative Review Law. (235 ILCS 5/7—11 (West 1992) (formerly Ill. Rev. Stat. 1991, ch. 43, par. 154(a)).) Subject-matter jurisdiction is conferred upon the circuit court by the constitution, with the exception of administrative review actions, where jurisdiction is conferred by the legislature. (*In re M.M.* (1993), 156 Ill. 2d 53, 64-65, 619 N.E.2d 702, 709-10.) The provision of the constitution which gives circuit courts original jurisdiction of all justiciable matters contains the limitation that "Circuit Courts shall have such power to review administrative action as provided by law." (Ill. Const. 1970, art. VI, §9.) The provisions of the Administrative Review Law clearly demonstrate that the filing of the complaint for administrative review within the time period specified is a jurisdictional requirement and that judicial review of the administrative decision is barred if the complaint is not filed within the time specified. (*Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 210-11, 486 N.E.2d 893, 896.) Section 3—103 of the Administrative Review Law, which requires that a complaint be filed within 35 days of receipt of the decision being appealed, also requires that summons be issued within that 35-day period. (735 ILCS 5/3—103 (West 1992).) Nevertheless, the 35-day period for the issuance of summons has been held to be "mandatory, not jurisdictional, and failure to comply with that requirement will not deprive the court of jurisdiction," although a litigant must show a good-faith effort to file the complaint and secure issuance of summons within the 35 days in order to avoid dismissal. *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 355, 549 N.E.2d 1266, 1268 (suit dismissed where superintendent was not named and summons not issued within 35 days; no evidence of good-faith attempt to comply with the Administrative Review Law).

The courts have drawn a distinction between violations of "mandatory" provisions contained in statutes and violations of "directory" provisions. Failure to comply with a mandatory provision is said to render the action void, while technical violations of directory provisions do not affect the validity of the action. (*Pullen v. Mulligan* (1990), 138 Ill. 2d 21, 46, 561 N.E.2d 585, 594; *Cooper v. Department of Children & Family Services* (1992), 234 Ill. App. 3d 474, 481, 599 N.E.2d 537, 542.) Although the requirement for the issuance of summons was described as mandatory in *Lockett*, failure to comply did not render the proceeding void: the showing of a good-faith effort would have prevented dismissal. *Lockett* may indicate a new approach to the mandatory-directory distinction, that failure to comply with a mandatory provision is error, but does not necessarily render the action void. At any rate, *Lockett* makes it clear the failure to name a defendant and issue summons within the 35-day period will bar an action where the defect is raised in the circuit court and a good-faith attempt is not shown.

■ Here, Country Lounge failed to name and serve the Village of Kenney, which was clearly a party of record before the Commission, in its complaint for administrative review. Country Lounge offered no excuse for this failure. Without evidence of a good-faith effort by Country Lounge, we must affirm the circuit court's grant of the motion to dismiss.

Country Lounge contends that by entering its appearance before the circuit court, the Village waived the requirements of the Administrative Review Law. Assuming that the entry of appearance excused the issuance of summons, the fact remains that the Village was not named in the complaint. Country Lounge argues the failure to name all necessary parties within the 35-day time frame is only mandatory and not jurisdictional. Therefore, Country Lounge reasons, the circuit court erred in assuming it had no subject-matter jurisdiction and granting the Commission's motion. Country Lounge relies on *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 970-71, 574 N.E.2d 747, 753, which interpreted *Lockett* as holding that section 3—107 of the Administrative Review Law (Ill. Rev. Stat. 1981, ch. 110, par. 3—107) is only a mandatory requirement. However, this court has held "[a] plaintiff *must* name the necessary parties as defendants in its complaint for administrative review within the 35-day time limit or the court is deprived of subject-matter jurisdiction." (Emphasis in original.) (*Associated General Contractors v. Chun* (1993), 245 Ill. App. 3d 750, 754, 615 N.E.2d 386, 389 (citing *Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1267, and *Strang v. Department of*

*Transportation* (1990), 206 Ill. App. 3d 368, 370-71, 564 N.E.2d 261, 263).) Characterization of the requirements of section 3—107 as only mandatory would not benefit Country Lounge. Even if Country Lounge's failure to name the Village and the Local Commissioner in the complaint and serve summons upon them within the 35-day period does not deprive the court of subject-matter jurisdiction, Country Lounge's failure to comply with these mandatory requirements, without evidence of a good-faith effort to comply, necessitates dismissal of the case. *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268.

In its brief in this court the Commission, for the first time, argues the circuit court lacked subject-matter jurisdiction because Country Lounge failed to name the Local Commissioner in its complaint. Because we have already determined the complaint was properly dismissed, we need not address that question.

For the foregoing reasons, the judgment of the circuit court of Sangamon County is affirmed.

Affirmed.

McCULLOUGH, P.J., and STEIGMANN, J., concur.