E&E TRUCK LINE, INC., Account Number 0646433, Plaintiff-Appellee, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, Defendant-Appellant.

Fourth District   No. 4—93—0315

Argued March 8, 1994.—Opinion filed May 25, 1994.

Roland W. Burris, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General (argued), of counsel), for appellant.

A. James Shafter (argued), James E. Peckert, and Catherine L. Mannweiler, all of Kehart, Shafter, Hughes & Webber, P.C., of Decatur, for appellee.

Nancy E. Joerg and Gregory H. Andrews, both of Wessels & Pautsch, P.C., of St. Charles, for *amicus curiae*.

PRESIDING JUSTICE McCULLOUGH delivered the opinion of the court:

The Illinois Department of Employment Security (Department) conducted an audit of E&E Truck Line, Inc. (E&E), and found E&E liable for unpaid unemployment contributions. The Department concluded certain owner/operator truck drivers (drivers), as well as mechanics and an autobody repairman (nondrivers), were employees of E&E rather than independent contractors, thereby making them nonexempt for unemployment compensation purposes pursuant to the Unemployment Insurance Act (Act) (Ill. Rev. Stat. 1989, ch. 48, par. 300 *et seq.*). E&E filed a complaint in the circuit court of Coles County seeking judicial review of the Department's decision. The circuit court reversed the decision as being against the manifest

weight of the evidence finding all of these individuals were independent contractors pursuant to the Act. For the reasons that follow, we reverse the order of the circuit court and order the Department's decision reinstated.

E&E is a common carrier with authority from the Illinois Commerce Commission which provides trucking services for shippers of goods and commodities. The Department conducted an audit of E&E and on September 22, 1988, the Director of the Department issued a "Notice of Determination and Assessment and Demand for Payment" to E&E for unpaid unemployment contributions and interest for the second quarter of 1984 through the fourth quarter of 1987. E&E filed a protest and petition for an administrative hearing.

The Director of the Department issued her opinion on October 5, 1990. She concluded that under the three-part test found in section 212 of the Act (Ill. Rev. Stat. 1989, ch. 48, par. 322), the drivers were employees of E&E rather than independent contractors. As to the nondrivers, the Director adopted the findings of her representative that the evidence was insufficient to establish that they were not under the general right of control of E&E or were independently established. E&E was therefore required to make unemployment contributions for both the drivers and nondrivers.

On November 8, 1990, E&E filed a complaint for administrative review in the circuit court of Coles County. This complaint only named the "State of Illinois Department of Employment Security" as a defendant. The summons was issued to "Sally A. Jackson, Director, State of Illinois Department of Employment Security." The Director entered her appearance and litigated the case.

The circuit court of Coles County reversed the Director's decision, finding both the drivers and the nondrivers were independent contractors pursuant to the three-part test of section 212 of the Act. Specifically, the circuit court found that the drivers and nondrivers were free from the control and direction of E&E over the performance of their services, both under the contract of service and in fact; and their services were performed outside of all the places of business of E&E. The circuit court also found the drivers and nondrivers were engaged in an independently established trade, occupation, profession, or business. Thus, the circuit court concluded the Director's decision was against the manifest weight of the evidence and reversed.

The Department contends the circuit court lacked jurisdiction to hear the administrative appeal because E&E failed to name the Director in its complaint. E&E only named the Department as a defendant in its complaint and the Department alleges the Director

makes the final decision in these types of cases. As such, she was the "administrative agency" contemplated by section 3—107 of the Administrative Review Law (Ill. Rev. Stat. 1989, ch. 110, par. 3—107) and a necessary party in the administrative review action. The Department acknowledges it did not raise this issue before the circuit court.

E&E asserts the circuit court had jurisdiction over this action. It notes the Director was served with summons, entered her appearance in the circuit court, filed her answer and report of proceedings before the Department, and litigated the matter before the circuit court. E&E alleges the failure to name the Director in the caption of the complaint is a "technicality" that should not be deemed to have deprived the circuit court of jurisdiction.

Section 3—107 of the Administrative Review Law states:

"In any action to review any final decision of an administrative agency, the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." Ill. Rev. Stat. 1989, ch. 110, par. 3—107.

This court's recent decision in *Kenney Country Lounge & Cafe, Inc. v. Illinois Liquor Control Comm'n* (1993), 253 Ill. App. 3d 1013, 625 N.E.2d 880, is dispositive of this issue. There, plaintiff filed a complaint for administrative review in the circuit court appealing the order of the Illinois Liquor Control Commission (Commission) which affirmed the revocation of plaintiff's liquor license by the liquor control commissioner for the Village of Kenney. In that complaint, plaintiff only named the Commission as defendant and only asked for service upon the Commission. However, the Village of Kenney entered its appearance. The Commission filed a motion to dismiss, asserting the complaint failed to name all necessary parties as defendants. The circuit court granted this motion and this court affirmed. *Kenney*, 253 Ill. App. 3d at 1015, 625 N.E.2d at 881.

This court stated:

"The provisions of the Administrative Review Law clearly demonstrate that the filing of the complaint for administrative review within the time period specified is a jurisdictional requirement and that judicial review of the administrative decision is barred if the complaint is not filed within the time specified. [Citation.] Section 3—103 of the Administrative Review Law, which requires that a complaint be filed within 35 days of receipt of the decision being appealed, also requires that the summons be issued within the 35-day period. [Citation.] Nevertheless, the 35-day period for the issuance of summons has been held to be 'mandatory, not jurisdictional, and failure to comply with that requirement will

not deprive the court of jurisdiction,' although a litigant must show a good-faith effort to file the complaint and secure issuance of summons within the 35 days in order to avoid dismissal. *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 355, 549 N.E.2d 1266, 1268." *Kenney*, 253 Ill. App. 3d at 1015, 625 N.E.2d at 881.

This court concluded that because plaintiff failed to name and serve the Village of Kenney, which was a party of record before the Commission, and since no excuse was offered for this failure and no evidence of good faith was found, the circuit court properly granted the motion to dismiss. This court also rejected the argument that because the Village of Kenney entered its appearance before the circuit court, it waived the requirements of the Administrative Review Law:

"Assuming that the entry of appearance excused the issuance of summons, the fact remains that the Village was not named in the complaint. [Plaintiff] argues the failure to name all necessary parties within the 35-day time frame is only mandatory and not jurisdictional. Therefore, [plaintiff] reasons, the circuit court erred in assuming it had no subject-matter jurisdiction and granting the Commission's motion. [Plaintiff] relies on *Zientara v. Lottery Control Board* (1991), 214 Ill. App. 3d 961, 970-71, 574 N.E.2d 747, 753, which interpreted *Lockett* as holding that section 3—107 of the Administrative Review Law [citation] is only a mandatory requirement. However, this court has held '[a] plaintiff *must* name the necessary parties as defendants in its complaint for administrative review within the 35-day time limit or the court is deprived of subject-matter jurisdiction.' (Emphasis in original.) (*Associated General Contractors v. Chun* (1993), 245 Ill. App. 3d 750, 754, 615 N.E.2d 386, 389 (citing *Lockett*, 133 Ill. 2d at 353, 549 N.E.2d at 1267, and *Strang v. Department of Transportation* (1990), 206 Ill. App. 3d 368, 370-71, 564 N.E.2d 261, 263).) Characterization of the requirements of section 3—107 as only mandatory would not benefit [plaintiff]. Even if [plaintiff's] failure to name the Village and the local commissioner in the complaint and serve summons upon them within the 35-day period does not deprive the court of subject-matter jurisdiction, [plaintiff's] failure to comply with these mandatory requirements, without evidence of a good-faith effort to comply, necessitates dismissal of the case. *Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268." *Kenney*, 253 Ill. App. 3d at 1016-17, 625 N.E.2d at 882.

Section 2200 of the Act provides that the Director may determine and assess the amount of contribution or deficiency of any employing unit or a person who failed to pay any contribution, interest, or penalty as required by the provisions of the Act. Such determination

of assessment by the Director shall be final at the expiration of 20 days from the date of the service of the written notice thereof and demand for payment unless the employing unit or person files, with the Director, a written protest and a petition for a hearing specifying the objections. (Ill. Rev. Stat. 1989, ch. 48, par. 680.) Section 2204 of the Act provides that any decision of the Director made upon the conclusion of any hearing held pursuant to the provisions of section 2200 of the Act shall be final and conclusive unless reviewed as provided in section 2205 of the Act, which allows judicial review under the Administrative Review Law. (Ill. Rev. Stat. 1989, ch. 48, pars. 684, 685.) Section 2205 of the Act states that the provisions of the Administrative Review Law and all amendments and modifications thereto, as well as the rules adopted pursuant thereto, shall apply to and govern all proceedings for the judicial review of final decisions of the Director. Ill. Rev. Stat. 1989, ch. 48, par. 685.

Thus, the Director was the "administrative agency" which made the final decision and was a necessary party who had to be named in the caption of the complaint. Since E&E did not name her as a defendant, the circuit court was without jurisdiction to hear the appeal. Although we acknowledge that this result may be harsh, "it is required by the statutory language of the Administrative Review Law and the supreme court's interpretation of the Administrative Review Law in *Lockett*." *Associated General Contractors v. Chun* (1993), 245 Ill. App. 3d 750, 756, 615 N.E.2d 386, 391.

Finally, although the Department did not raise this issue at the circuit court level, the issue of subject-matter jurisdiction cannot be waived and can be raised at any time. (*Currie v. Lao* (1992), 148 Ill. 2d 151, 157, 592 N.E.2d 977, 979; *In re Marriage of Bussey* (1984), 128 Ill. App. 3d 730, 731, 471 N.E.2d 563, 564.) The Director was a necessary party and should have been named in the caption of the complaint. The failure to do so deprived the circuit court of jurisdiction. Accordingly, the order of the circuit court of Coles County is reversed and the Department's decision is reinstated.

Reversed; decision of Department reinstated.

COOK and LUND, JJ., concur.