FIFTH DIVISION
July 21, 2006

No. 1-05-1464

| | | |
|---|---|---|
| CATAMOUNT CARGO SERVICES, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County |
| | ) | |
| v. | ) | No. 04 CH 12373 |
| | ) | |
| ILLINOIS DEPARTMENT OF EMPLOYMENT | ) | Honorable |
| SECURITY, | ) | Rita M. Novak, |
| | ) | Judge Presiding. |
| Defendant-Appellee. | ) | |

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff, Catamount Cargo Services, LLC, appeals the dismissal of its complaint for administrative review.  The circuit court dismissed the action for lack of jurisdiction because plaintiff named only the Illinois Department of Employment Security (the Department) as a defendant, and failed to name the Director of Employment Security (the Director).  We affirm.

On June 28, 2004, an administrative decision was rendered against plaintiff, assessing unemployment insurance contributions in the amount of $24,384.75 plus interest and penalties. The heading after the case caption on the first page of the decision states, "Decision of the Director of Employment Security."  The last page of the decision contains the signature of Brenda A. Russell and, immediately below the signature line, states, "Brenda A. Russell, Director of Employment Security."

On August 2, 2004, plaintiff filed a complaint for administrative review of the Director's final administrative decision.  Plaintiff named the Department, but did not name the Director.

1-05-1464

On September 7, 2004, defendant appeared and filed a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction. Defendant argued that it, the Department, was not the "administrative agency" that issued the final decision sought to be reviewed. Defendant contended that the "administrative agency" was the Director and that, pursuant to section 3-107 of the Administrative Review Law (the Review Law) (735 ILCS 5/3-107 (West 2004)), plaintiff was required to name the Director as a defendant in its complaint for administrative review.

Plaintiff responded to the motion to dismiss and filed a motion for leave to amend the complaint to add the Director as a defendant. Plaintiff contended that sections 3-103 and 3-107(a) of the Review Law (735 ILCS 5/3-103, 3-107(a) (West 2004)) authorized amendment of its complaint to add the Director as a defendant. Defendant replied that those sections did not authorize amendment of the complaint, under the circumstances of the instant case, where plaintiff had essentially failed, in the first instance, to name "the administrative agency" in its complaint. The circuit court agreed with defendant that the Director was the administrative agency and, thus, sections 3-103 and 3-107(a) did not authorize amendment under the circumstances of this case. Accordingly, the circuit court dismissed plaintiff's complaint. Plaintiff filed this timely appeal.

This appeal involves only the legal issue of whether dismissal of the complaint was correct under the requirements of the Review Law. Thus, our review is *de novo*. *Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees*, 218 Ill. 2d 175, 181, 843 N.E.2d 273, 277 (2006).

Under section 3-103 of the Review Law, a complaint to review a final administrative

2

1-05-1464

decision must be filed and summons issued within 35 days of the date that a copy of the administrative decision was served upon the party affected by the decision. 735 ILCS 5/3-103 (West 2004). Prior to 1997, the courts interpreted the Review Law as requiring all proper defendants to be correctly named within the 35-day period for filing a complaint for review. *Fragakis v. Police & Fire Comm'n*, 303 Ill. App. 3d 141, 707 N.E.2d 660 (1999). In 1997, however, the General Assembly adopted a number of amendments to the Review Law. Pub. Act 89-685 §25, eff. June 1, 1997. The purpose of the amendments was "to reduce the possibility of error in naming and serving individuals who [were] acting in their official capacities as employees, agents, or members of the administrative agency or governmental entity and to avoid the harsh result of dismissing the complaint where the agency or entity ha[d] been named and served." *Bunnell v. Civil Service Comm'n*, 295 Ill. App. 3d 97, 101, 692 N.E.2d 384, 387 (1998).

Section 3-107(a) of the Review Law, as amended, provides:

"No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his official capacity, of an administrative agency, board, committee, or government entity, *where the administrative agency*, board committee, or government entity, *has been named* as a defendant as provided in this [s]ection." (Emphasis added.) 735 ILCS 5/3-107(a) (West 2004) (language added by Pub. Act 89-685, §25, eff. June 1, 1997 (1996 Ill. Laws 3706, 3721)).

Plaintiff contends that this language should be interpreted to mean that its failure to name the Director, an employee, who was acting in her official capacity, of an administrative agency, *i.e.*

3

the Department, does not warrant dismissal of its complaint for administrative review because it named the administrative agency, *i.e.* the Department. In arguing that section 3-107(a), as amended, applies here, plaintiff's argument is as follows: (1) the "administrative agency" is the Department; (2) plaintiff named the "administrative agency"; and (3) because plaintiff named the administrative agency, it is not prohibited from amending its complaint to name an employee of that administrative agency, *i.e.*, the Director, who acted in an official capacity as "a party of record to the administrative proceeding" (735 ILCS 5/3-107(a) (West 2004)). Defendant, however, contends that the Director, in rendering her decision, *was* the "administrative agency." Thus, plaintiff did not name the administrative agency and the trial court correctly dismissed plaintiff's complaint.

A proper construction of the Review Law requires that this court determine precisely which "administrative agency" is involved. Contrary to plaintiff's assertions, the critical inquiry here *is* determining the Director's status and whether she, as opposed to the Department generally, was the "administrative agency" to which the relevant provisions of the Review Law pertain.

Section 3-101 of the Review Law defines administrative agency as follows:

" 'Administrative agency' means a *person*, body of persons, group, officer, board, bureau, commission *or department* (other than a court or judge) of the State, or of any political subdivision of the State or municipal corporation in the State, *having power under law to make administrative decisions*." (Emphasis added.) 735 ILCS 5/3-101 (West 2004).

4

1-05-1464

Because both a "person," such as the Director, and a "department," such as the Department here, may be an administrative agency, we must look to see which one, in the present case, had the requisite "power under law to make administrative decisions."

It has been recognized that the Director is the head of the agency known as the Illinois Department of Employment Security. See, *e.g.*, *Veazey v. Baker*, 322 Ill. App. 3d 599, 749 N.E.2d 1060 (2001).[1] Nevertheless, although the Department itself is an administrative agency,[2]

---

[1]The *Veazey* court nonetheless explained that "when relief is sought from an adverse decision involving a claim for unemployment compensation benefits, the Board [of Review] is the 'administrative agency' from which the plaintiff must seek review." *Veazey*, 322 Ill. App. 3d at 603, 749 N.E.2d at 1063.

[2]Under the Department's own rules, " 'agency' means the Department of Employment Security." 56 Ill. Adm. Code §2720.1, as amended by 21 Ill. Reg. 12129 (eff. August 20, 1997).

it has been well-established for some time that the Director alone is *also* an administrative agency. See *E&E Truck Line, Inc. v. Department of Employment Security*, 262 Ill. App. 3d 547, 634 N.E.2d 1191 (1994). In *E&E Truck Line*, this court explained that the Director was the "administrative agency" which made the final decision and had to be named in the caption of the complaint. *E&E Truck Line, Inc.*, 262 Ill. App. 3d at 551, 634 N.E.2d at 1194. Because the employer had not named the Director as a defendant, the *E&E Truck Line* court held that the circuit court lacked jurisdiction to hear the employer's complaint seeking judicial review of the Director's decision. *E&E Truck Line*, 262 Ill. App. 3d 547, 634 N.E.2d 1191.

Nothing in the amendments to the Review Law allows this court to have jurisdiction where the administrative agency is not named. Thus, section 3-107(a) does not save plaintiff's complaint because the administrative agency was not named as a defendant.

In the present case, as in *E&E Truck Line*, the Director was acting pursuant to statutory authority that was explicitly vested in her. Under section 2200 of the Unemployment Insurance Act, the Director issues final administrative decisions regarding determinations and assessments as to the amount to be paid for unemployment insurance contributions by an employing unit. 820 ILCS 405/2200 (West 2004). That power is not vested in the Department "generally." Under the definition set forth in section 3-101 of the Review Law, the Director is the "administrative agency" because she is the person who has the power under law to make administrative decisions regarding unemployment insurance assessments. We believe that the Director had to be named as a defendant because she *was the administrative agency* that issued the final administrative decision.

1-05-1464

As further support for its argument that it should be allowed to add the Director to its complaint, plaintiff cites *Traficano v. Department of Human Rights*, 297 Ill. App. 3d 435, 697 N.E.2d 372 (1998). In *Traficano*, this court held that a former employee's failure to name the chief legal counsel of the Department of Human Rights did not prevent the former employee from amending his complaint to add the chief legal counsel. This court concluded that "[i]ndisputably, the chief legal counsel of the Department was an employee or agent of the Department acting in her official capacity." *Traficano*, 297 Ill. App. 3d at 439, 697 N.E.2d at 374.

The reasoning in *Traficano* does not apply here. Although the chief legal counsel in *Traficano* was the final decision maker, he was not the "administrative agency." The agency was the Department of Human Rights and it was the decision of that "administrative agency" that the chief legal counsel reviewed. Plaintiff fails to recognize that the Director's role, under the facts of the instant case, was not quite so circumscribed. Here, the Director was not acting as an agent or employee of the Department when she rendered her final administrative decision. Instead, the Director was the administrative agency that made the decision. Because plaintiff's underlying premise that the Department is *the* agency is incorrect, plaintiff's argument must fall.

In sum, the Director here was the pertinent "administrative agency" because she was a "person" who had the relevant "power under law to make administrative decisions." 735 ILCS 5/3-101 (West 2004). She made her administrative decision under the authority vested exclusively in her pursuant to section 2200 of the Unemployment Insurance Act. 820 ILCS 405/2200 (West 2004). Plaintiff named the Department, but that is insufficient. While the

7

1-05-1464

Department may be *an* administrative agency, under the statutory scheme here, it does not have the relevant "power under law to make administrative decisions." The Department may be "an" administrative agency, but, in the instant case, it is not "the" administrative agency as defined by the statutes.

We hold that the Director of Employment Security is the "administrative agency" who is required by section 3-107(a) of the Review Law to be named as a defendant in complaints for administrative review of the Director's decisions. Therefore, because plaintiff failed to name the administrative agency, *i.e.*, the Director, within the 35-day time limit required by section 3-103 of the Review Law, the circuit court lacked jurisdiction and correctly dismissed plaintiff's complaint.

Affirmed.

O'MARA FROSSARD and NEVILLE, JJ., concur.